## A97A1876. CLAYTON v. THE STATE.
(492 SE2d 894)

McMURRAY, Presiding Judge.

Defendant Michael Jerome Clayton was charged in a special presentment with selling cocaine. Counsel was appointed to represent him. Defendant was found guilty by a jury and sentenced to life imprisonment. The record contains no motion for new trial. Approximately two years after defendant was sentenced, the trial court denied defendant's motion for out-of-time appeal, and this direct appeal followed. *Held*:

Defendant enumerates the denial of his motion for an out-of-time appeal premised upon the alleged ineffectiveness of trial counsel for failing to apprise defendant of his right to an appeal and for failing to timely pursue that appeal.

"An out-of-time appeal occasionally is appropriate where, due to [allegedly] ineffective assistance of counsel, no appeal has been taken. See *Furgerson v. State*, 234 Ga. 594 (216 SE2d 845) (1975)." *Williams v. State*, 251 Ga. 83 (303 SE2d 111). In the case sub judice, the record is inadequate to determine whether trial counsel fulfilled the important responsibility to inform defendant of his rights after conviction. Expressing no opinion on the merits of defendant's claim of ineffective assistance, we vacate the denial of his motion for out-of-time appeal and remand the case sub judice for an evidentiary hearing on that claim via a motion for new trial. *Maxwell v. State*, 262 Ga. 541, 542 (3) (422 SE2d 543); *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922). Defendant, if indigent, is entitled to the assistance of appellate counsel. *Sims v. Balkcom*, 220 Ga. 7 (136 SE2d 766). An adverse ruling on the motion for new trial may be appealed directly. *Johnson v. State*, 266 Ga. 775, 778 (9), 779 (470 SE2d 637).

*Judgment vacated and case remanded with direction. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED OCTOBER 21, 1997.

Michael J. Clayton, *pro se.*
*John R. Parks, District Attorney*, for appellee.