A99A0126. BONEY v. THE STATE.
(510 SE2d 892)

ELDRIDGE, Judge.

On June 21, 1993, a Pulaski County jury found Allen Boney, Jr., guilty of possession of cocaine with the intent to distribute. As a recidivist, Boney was sentenced to life imprisonment. An attorney was appointed to appeal the conviction. Following a September 13, 1993 hearing on Boney's motion for new trial and an order denying such, appellate counsel filed a direct appeal, and this Court affirmed Boney's conviction in an unpublished opinion, *Boney v. State*, 212 Ga. App. XXVII (1994).

Four years later, on June 10, 1998, Boney filed a pro se "motion for out-of-time appeal." Therein, Boney raised a claim of ineffective assistance of *appellate* counsel, not because appellate counsel failed to perfect Boney's appeal, but because appellate counsel allegedly "failed to raise clearly meritorious issues on appeal." According to Boney, these allegedly meritorious issues include: an allegation of ineffective assistance of trial counsel, although Boney conducted his own defense; a challenge to the use of hearsay to explain the conduct of the investigating officer; and a challenge to the trial court's charge to the jury to consider all the evidence.[1] Boney's "motion for out-of-

---

[1] Correspondence to Boney from appellate counsel shows that counsel was aware of and

time appeal" was dismissed by the trial court on June 15, 1998.

Boney then filed a pro se "notice" of discretionary appeal with the Superior Court of Pulaski County, challenging the trial court's order dismissing the "motion for out-of-time appeal." An application for discretionary appeal was not filed with this Court.

On July 20, 1998, 35 days following the entry of the challenged order, Boney withdrew his earlier "notice" of discretionary appeal,[2] and he filed a pro se notice of direct appeal with the Superior Court of Pulaski County. *Held*:

While the instant motion is styled as one for "out-of-time appeal," Boney *had* a timely appeal of his conviction following the denial of his motion for new trial. "An out-of-time appeal is appropriate when a direct appeal *was not taken*." (Emphasis supplied.) *Grantham v. State*, 267 Ga. 635 (481 SE2d 219) (1997); *Crowder v. State*, 265 Ga. 719 (461 SE2d 865) (1995); *Clayton v. State*, 228 Ga. App. 874, 875 (492 SE2d 894) (1997).

Clearly, a defendant cannot secure a timely direct appeal, wait for years, file a motion raising a new issue separate from the original appeal, and bootstrap such into another direct appeal by styling the motion as one for an "out-of-time appeal." When the issue is one that could not have been raised in the prior, *perfected* direct appeal, i.e., ineffective assistance of *appellate* counsel, a petition for Writ of Habeas Corpus is the proper vehicle to utilize for the development of a record and subsequent review of the substantive claim. See, e.g., *Zant v. Akins*, 250 Ga. 5 (295 SE2d 313) (1982).[3]

"The 'title' applied to pleadings is not binding on the court; we judge a pleading by its contents, not by its name. [Cit.]" *Bank of Cumming v. Moseley*, 243 Ga. 858, 859 (257 SE2d 278) (1979). However, we need not consider further the true character and function of Boney's self-styled "motion for out-of time appeal." Regardless of the motion's capacity, an appeal of the trial court's order thereon will not lie, because the rules were not followed in order to secure appellate

---

specifically rejected Boney's claims of error as potential issues for appeal: "Other than the admission of similar transactions, none of your grounds listed in your letter are valid. You can not fire your lawyer and then later complain about his representation." And, "I am in receipt of your letter of November 29, 1993. My prior position remains unchanged: the introduction of the prior crimes is the only appealable issue. The other matters you noted are meritless." To that end, we note that "[i]t is the attorney's decision as to what issues should be raised on appeal, and that decision, like other strategic decisions of the attorney, is presumptively correct absent a showing to the contrary by the defendant. [Cit.]" *Gaither v. Cannida*, 258 Ga. 557, 561 (3) (372 SE2d 429) (1988).

[2] "The previous notice that I sent to this Court [Pulaski County Superior Court] disregard and file this one."

[3] That Boney is aware of this fact is reflected in what appears to be at least one State petition for habeas corpus relief filed in the Superior Court of Ware County following Boney's unsuccessful direct appeal. *Boney v. Gaither*, 94V-1134.

review. Boney failed to file an application for discretionary review with this Court. OCGA § 5-6-35 (d). Further, Boney's subsequent notice of direct appeal was filed untimely. OCGA § 5-6-38 (a); *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995) ("[t]he proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court. [Cits.]"). Accordingly, having failed to follow the proper procedures for appeal to this Court, the instant appeal is hereby dismissed.

*Appeal dismissed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 14, 1999 —
RECONSIDERATION DENIED FEBRUARY 2, 1999 — 

Allen Boney, Jr., *pro se.*

Timothy G. Vaughn, *District Attorney*, Russell P. Spivey, *Assistant District Attorney*, for appellee.

