## A00A1743. WIGGINS v. THE STATE.
### (538 SE2d 180)

PHIPPS, Judge.

Hayward Wiggins appeals the Macon County Superior Court's denial of his motion to withdraw a guilty plea. The question for decision is whether the State has carried its burden of showing that the plea was knowingly and intelligently entered. We hold that it has and affirm.

An indictment was returned charging Wiggins with two counts of burglary of a grocery store, one count of burglary of a residence, one count of aggravated assault on the occupant of the residence with a deadly weapon, three counts of rape of the occupant, and one count of aggravated sodomy of the occupant.

On June 1, 1999, Wiggins appeared with defense counsel for trial but, after completion of voir dire, pled guilty to two counts of burglary of the grocery store and to one count of rape. The prosecuting attorney informed the court that Wiggins's attorney had "explained to him his rights in connection with this proceeding" and that defense counsel and Wiggins had also "completed and signed the

---

[13] (Emphasis omitted.) *Howard v. State*, 233 Ga. App. 724, 730 (7) (505 SE2d 768) (1998).

[14] *McBride v. State*, 213 Ga. App. 857 (2) (446 SE2d 193) (1994).

advice and waiver of rights form." Through his responses to questions in the "advice and waiver of rights" form, Wiggins attested that he was not under the influence of alcohol or drugs; that his plea was not influenced by any promise or threat; and that he understood that by pleading guilty, he could be imprisoned, and he was waiving his right to trial by jury, the presumption of innocence, his confrontation rights, his right to subpoena witnesses and to testify and offer other evidence, the right to assistance of trial counsel, and the right against self-incrimination.

After the prosecutor explained the factual basis for the plea, defense counsel spoke. He stated that he would have proceeded to trial on the charges relating to the rape victim, because evidence would have shown that any sexual activity between her and Wiggins was consensual. Counsel informed the court that he was nonetheless recommending that Wiggins accept the compromise plea to which the State had agreed. Counsel pointed out that Wiggins had no felony record. The court then advised Wiggins of his appeal rights, whereupon the hearing ended. On the date of the hearing, the court entered a written order sentencing Wiggins to two 20-year terms of probation on the burglary counts and to ten years incarceration on the rape count. The remaining counts were nolle prossed.

On July 1, 1999, Wiggins moved to withdraw his guilty plea. Wiggins argues that the record is insufficient for the State to carry its burden of showing that the plea was intelligently and voluntarily entered, because the trial court failed to comply with Uniform Superior Court Rules (USCR) 33.7, 33.8, and 33.11.

> Uniform Superior Court Rule 33.11 . . . deals with the record of proceedings. . . . The record must show that the trial judge determined on the record the voluntariness of the plea as required under Rule 33.7, informed the defendant of certain rights as required under Rule 33.8, and determined the accuracy of the plea as required under Rule 33.9.[1]

"But . . . the question is not whether the trial court followed the letter of [USCR 33] but whether the record, as a whole, affirmatively shows [the] plea was knowing and voluntary."[2]

> Where voluntariness of a guilty plea is challenged, there must be "a record of the guilty plea hearing adequate for the reviewing court to determine whether (1) the defendant has freely and voluntarily entered the plea with (2) an under-

---

[1] (Footnotes omitted.) *King v. State*, 270 Ga. 367, 369-370 (1) (509 SE2d 32) (1998).
[2] *Johns v. State*, 223 Ga. App. 553, 554 (1) (479 SE2d 388) (1996).

standing of the nature of the charges against him and (3) an understanding of the consequences of his plea." [Cits.][3]

"The State has the burden on direct review to show that the plea was intelligently and voluntarily entered."[4] The State can meet this burden

> either by "(1) showing on the record of the guilty plea hearing that the defendant realized all the rights he was waiving and the possible consequences of his plea, or (2) using extrinsic evidence that shows that the guilty plea was knowing and voluntary." [Cit.][5]

Here, the record, which includes the "advice and waiver of rights" form, "reflects that the defendant was represented by counsel who advised him of all of his rights and of the consequences of entering the plea. [Cit.]"[6] The State has carried its burden.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED AUGUST 10, 2000.

*Cecilia M. Cooper,* for appellant.
*John R. Parks, District Attorney, Alicia C. Jones, Assistant District Attorney,* for appellee.

---

[3] *Green v. State,* 265 Ga. 263 (1) (454 SE2d 466) (1995), citing *Goodman v. Davis,* 249 Ga. 11, 13 (287 SE2d 26) (1982).
[4] *King v. State,* supra at 368.
[5] *Raley v. State,* 241 Ga. App. 713, 714 (1) (527 SE2d 590) (2000).
[6] *Lewis v. State,* 191 Ga. App. 509-510 (2) (382 SE2d 207) (1989).