### A02A1035. SHUMAKE v. THE STATE.
(570 SE2d 648)

ELDRIDGE, Judge.
In 1999, Ivy Shumake pled guilty in the Superior Court of Clayton County to two counts of armed robbery and one count of possession of a firearm by a convicted felon. Over a year and a half later, Shumake filed a motion for an out-of-time direct appeal with regard to such guilty plea. The trial court denied the motion, finding that the claims of error asserted by Shumake in support of his request for an out-of-time appeal could not be resolved from facts appearing in the record and, thus, a direct appeal from Shumake's guilty plea would not lie. Shumake, pro se, appeals from this judgment. We affirm.

1. Shumake had the burden to show that he was improperly denied a right to an out-of-time appeal by "show[ing] that he actually had a *right* to file a timely direct appeal."[1] In that regard,

> [a] criminal defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea. A direct appeal will lie from a judgment of conviction and sentence entered on a guilty plea only if the issue on appeal can be resolved by facts appearing in the record. Accordingly, the denial of [Shumake's] motion for an out-of-time appeal can be reversed if, and only if, the questions that he seeks to raise on appeal may be resolved by facts appearing in the record, including the transcript of his guilty plea hearing.[2]

---

[6] See *Jackson*, supra; OCGA § 16-13-30 (b); *Anderson*, supra at 130-131; see also *Douglas v. State*, 228 Ga. App. 368, 371 (5) (491 SE2d 821) (1997).
[1] (Emphasis in original.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). See also *Smith v. State*, 269 Ga. 21 (494 SE2d 668) (1998).
[2] (Citations and punctuation omitted.) *Smith v. State*, 266 Ga. at 687.

As a basis for appeal, Shumake claimed in the court below: (a) that he was coerced by his attorney to plead guilty; (b) that illegal evidence was presented to the grand jury in order to obtain the indictment against him; (c) that the State's evidence would have been insufficient to convict Shumake of the indicted offenses; (d) that he received ineffective assistance of counsel; and (e) that the trial court failed to advise Shumake of his right to appeal from his guilty plea.

On their face, claims of error (a) through (d) above cannot be resolved on the facts of record, including the guilty plea transcript. These claims clearly require development at a further evidentiary hearing, including obtaining the testimony of Shumake's defense attorney on the ineffective assistance of counsel claim. Thus — if properly the subject of anything at all — these claims are now properly the subject of a petition for writ of habeas corpus.[3]

Further, the fact that substantive claims (a) through (d) above cannot be resolved by facts of record and, thus, are not subject to direct appeal renders claim (e) above meritless. "If [Shumake] had no right to file even a timely notice of appeal from the judgment of conviction entered on his guilty plea, he was not entitled to be informed of a non-existent 'right' to appeal."[4]

Accordingly, Shumake's failure to meet his burden of showing an entitlement to an out-of-time appeal requires affirmance of the trial court's denial of his motion for such appeal.

2. We reject Shumake's claim that the trial court erred by failing to hold an evidentiary hearing on his motion for out-of-time appeal. When, as in the instant case, the claims of error alleged in support of a motion for out-of-time appeal of a guilty plea fail on their face to demonstrate a proper basis for such appeal, an evidentiary hearing is unconstructive. Shumake's reliance on our decision in *Haynes v. State*[5] is misplaced. *Haynes* did not involve a guilty plea where there is no unqualified right to appeal and claims of error are confined to those appearing on the face of the record.

3. Likewise, we find no error in failing to appoint an attorney to represent Shumake on his motion for out-of-time appeal. "Because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [Shumake] was not entitled to the assistance of appointed counsel."[6]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

---

[3] *Boney v. State*, 236 Ga. App. 179, 180 (510 SE2d 892) (1999).

[4] (Punctuation omitted.) *Smith v. State*, 266 Ga. at 687; *Morrow v. State*, 266 Ga. 3, 4 (463 SE2d 472) (1995).

[5] 227 Ga. App. 64 (488 SE2d 119) (1997).

[6] *Burroughs v. State*, 239 Ga. App. 600, 602 (2) (521 SE2d 652) (1999).

DECIDED AUGUST 29, 2002.

Ivy Shumake, *pro se.*

*Robert E. Keller, District Attorney, Jack S. Jennings, Todd E. Naugle, Assistant District Attorneys*, for appellee.