## A03A2086. PEARSON v. THE STATE.
### (594 SE2d 769)

JOHNSON, Presiding Judge.

On August 27, 1997, pursuant to a negotiated plea agreement and with the assistance of counsel, Tommy Pearson pled guilty to kidnapping and aggravated assault. Several years later he moved for an out-of-time appeal from the judgment of conviction entered on his guilty plea. The trial court denied the motion. Pearson appeals from that ruling.

The movant for an out-of-time appeal must establish a good and sufficient reason entitling him to such an appeal.[1] "An out-of-time appeal is appropriate where, as the result of ineffective assistance of counsel, a timely direct appeal was not taken. It is the remedy for a frustrated right of appeal."[2]

In the instant case, Pearson has made no showing that a timely direct appeal from his guilty plea conviction was not taken as a result of ineffective assistance of counsel. In his motion for an out-of-time appeal, his only claim in this regard was that his trial counsel did not provide him with a copy of the plea hearing transcript. But he further stated in his motion that he first attempted to obtain a copy of the transcript on April 21, 1998, which was nearly eight months after his guilty plea and conviction. Thus, even if we assume, without deciding, that his trial counsel somehow acted improperly in not giving Pearson a copy of the transcript when he asked for it, such impropriety in no way frustrated Pearson's right of appeal since the time for a direct appeal had long since passed.[3]

Moreover, we note that, contrary to Pearson's claims, the plea hearing transcript clearly establishes that he understood the nature of the criminal charges and the terms of the negotiated plea agreement, that he knew the rights he was waiving by pleading guilty, that he believed pleading guilty was in his best interest, that he was satisfied with his attorney's performance, that there was a factual basis for the plea, and that he was entering the plea knowingly and

---

[1] *Wheeler v. State*, 269 Ga. 547, 548 (499 SE2d 629) (1998).

[2] (Citations and punctuation omitted.) *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996).

[3] See OCGA § 5-6-38 (a) (notice of appeal shall be filed within 30 days after the entry of the judgment).

voluntarily.[4] Because Pearson has not established a good and sufficient reason entitling him to an appeal from his properly entered guilty plea, the trial court did not err in denying his motion for an out-of-time appeal.[5]

*Judgment affirmed. Eldridge and Mikell, JJ., concur.*

DECIDED FEBRUARY 12, 2004.

Out-of-time appeal. Douglas Superior Court. Before Judge James.

Tommy Pearson, *pro se.*

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.

---

[4] See *Wiggins v. State*, 245 Ga. App. 527 (538 SE2d 180) (2000) (record as a whole affirmatively shows plea was knowing and voluntary).

[5] See *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002); *Shumake v. State*, 257 Ga. App. 209-210 (1) (570 SE2d 648) (2002).