## A04A0409. DENOVA v. THE STATE.
### (601 SE2d 400)

BARNES, Judge.

Reynaldo Denova was charged with trafficking in 400 grams or more of cocaine. Pursuant to a negotiated guilty plea to the lesser offense of trafficking in 200 to 400 grams of cocaine, Denova was sentenced to 20 years, 15 to serve, the remainder on probation.

At the plea hearing on August 29, 2000, the trial court determined on the record that Denova, with assistance of counsel, understood the nature of the charge, that he understood the rights he was waiving by pleading guilty, that he understood the terms of the negotiated plea agreement, that he was entering his plea knowingly and voluntarily, and that there was a factual basis for the plea. The trial court accepted his guilty plea and the State's recommended sentence.

Almost three years later, on June 10, 2003, Denova filed a motion for an out-of-time appeal, claiming that his guilty plea was not voluntarily and intelligently entered because he was innocent, there was prosecutorial and police misconduct, his plea was induced by misinformation, and trial counsel was ineffective. The trial court denied the motion, and Denova, pro se, appeals from that denial.

"The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion." (Citations and punctuation omitted.) *Syms v. State*, 240 Ga. App. 440, 441 (1) (523 SE2d 42) (1999). If a defendant moves for an out-of-time appeal after he has entered a guilty plea, he "bears the burden of showing two things: first, that he . . . actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel. [Cit.]" *Jackson v. State*, 256 Ga. App. 69 (1) (567 SE2d 718) (2002). A defendant has no unqualified right to file a direct appeal from a judgment of conviction and sentence entered on a guilty plea, and thus, the merits of Denova's appeal can be addressed only if the issues he seeks to raise can be resolved by facts appearing in the record, including the transcript of the guilty plea hearing. *Simpson v. State*, 263 Ga. App. 467 (588 SE2d 291) (2003).

1. To the extent that Denova is challenging the validity of his guilty plea, his challenge to the trial court's acceptance of the plea must be raised through habeas corpus proceedings because he neither sought to withdraw his guilty plea nor filed a direct appeal until after the expiration of the term of court in which his plea was accepted. See *Caine v. State*, 266 Ga. 421, 422 (467 SE2d 570) (1996). Therefore, because the trial court lacked jurisdiction over Denova's

plea, this portion of his motion should have been dismissed. *Orr v. State*, 276 Ga. 91, 93 (2) (575 SE2d 444) (2003).

Moreover, were this issue properly before us, the plea hearing transcript clearly establishes that Denova understood the nature of the criminal charges and the terms of the negotiated plea agreement, that he knew the rights he was waiving by pleading guilty, that he believed pleading guilty was in his best interest, that he was satisfied with his attorney's performance, that there was a factual basis for the plea, and that he was entering the plea knowingly and voluntarily. See *Wiggins v. State*, 245 Ga. App. 527 (538 SE2d 180) (2000) (record as a whole affirmatively shows plea was knowing and voluntary). Further, although Denova argues that his plea was induced because he was told he would be deported to Mexico, the transcript establishes that the trial court told Denova that "there's no guarantee [he will] be deported necessarily."

Accordingly, the denial of the motion was not error. *Orr v. State*, supra, 276 Ga. at 93 (2).

2. Denova next complains that he was not appointed counsel to aid his appeal. But "[a]n indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. [Cits.]" *Orr v. State*, supra, 276 Ga. at 93 (3). "Because a motion for an out-of-time appeal cannot be construed as part of a criminal defendant's first appeal of right, [Denova] was not entitled to the assistance of appointed counsel." (Punctuation and footnote omitted.) *Shumake v. State*, 257 Ga. App. 209, 210 (3) (570 SE2d 648) (2002).

3. Denova also attempts to raise the issue of sufficiency of the evidence and the defense of entrapment. But, as noted, no motion to set aside his plea of guilty was ever filed, and the record contains only the transcript of the plea hearing in which Denova acknowledged that he participated in the crime charged by arranging to sell undercover agents one kilo of cocaine, and then meeting the agents with the drug to complete the transaction. He also repeatedly testified that he understood the charges against him and wished to enter a plea of guilty.

Further, in support of this claim of innocence, Denova relies upon events, statements, and omissions occurring outside the hearing which are not reflected in the plea transcript or the record on appeal. Accordingly, an out-of-time appeal is not permitted because "the issues which appellant seeks to raise cannot be resolved by reference to facts contained in the record." *Grantham v. State*, 267 Ga. 635, 636 (481 SE2d 219) (1997). Appellant must pursue habeas corpus as his remedy. See id.

Moreover, although Denova alleges entrapment, "[a] knowing and voluntary plea of guilty acts as a waiver of all defenses, known or unknown. [Cit.]" *Swan v. State*, 251 Ga. App. 80, 81 (3) (553 SE2d 383) (2001).

4. Denova also raises allegations of ineffective assistance of counsel. Denova contends that his trial counsel was ineffective in that his attorney: (1) failed to familiarize himself with the law regarding prosecutorial and police misconduct and the defense of entrapment; (2) induced him to plead guilty by informing him that he would be deported; and (3) failed to file a motion for a judgment of acquittal.

A defendant who seeks to appeal a guilty plea on the ground of ineffective assistance of counsel must develop those issues in a post-plea hearing and may not file a direct appeal if the only evidence in the record is the transcript of the guilty plea hearing. *Obi v. State*, 229 Ga. App. 94, 96 (2) (493 SE2d 246) (1997). The proper remedy is to move to withdraw the plea or, if the term of court in which the plea was entered has expired, to petition for a writ of habeas corpus. *Caine v. State*, supra, 266 Ga. at 422.

As the denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, *Bryant v. State*, 245 Ga. App. 892 (539 SE2d 523) (2000), and we find no abuse of such discretion here, the court did not err in denying Denova's motion.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED JUNE 18, 2004.

Reynaldo Denova, *pro se.*

Patrick H. Head, *District Attorney, Samuel W. Lengen, Dana J. Norman, Assistant District Attorneys*, for appellee.