A07A0805. DAVIS v. THE STATE.
(648 SE2d 670)

PHIPPS, Judge.

In February 1996, Kenorris Davis pleaded guilty to rape, aggravated assault, and two counts of kidnapping. More than ten years later, he moved for an out-of-time appeal to challenge his convictions. He also requested an evidentiary hearing and appointed counsel to assist him. The trial court denied Davis's motions, and Davis appeals. Finding no error, we affirm.

1. A defendant moving for an out-of-time appeal after entering a guilty plea "bears the burden of showing two things: first, that he actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel."[1] No unqualified right to direct appeal exists for defendants who

---

[1] *Denova v. State,* 268 Ga. App. 16 (601 SE2d 400) (2004) (citation and punctuation omitted).

plead guilty.[2] Rather, "[a] direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record."[3] We will affirm a trial court's ruling on a motion for out-of-time appeal absent abuse of discretion.[4]

Davis first claims that he was entitled to an out-of-time appeal because he did not freely and voluntarily enter his guilty plea. But the transcript of Davis's plea hearing demonstrates that Davis was informed of the charges against him and the maximum sentences associated with those charges, had discussed his case with his attorney, understood the rights he was giving up by pleading guilty, was not induced to plead guilty by threats or promises, and affirmatively stated that he entered his plea freely and voluntarily. The record thus belies Davis's claim that he did not voluntarily plead guilty, "and it cannot be said that he had a right to file even a timely notice of appeal" on this basis.[5] Moreover, to the extent Davis contends that evidence outside the record might show his plea to be involuntary, such claim is not an appropriate ground for an out-of-time appeal, which must be based on the existing record.[6]

Davis further argues that he should have been granted an out-of-time appeal because he was not informed of his "statutory" right to appeal. The trial court, however, had no duty to advise Davis about the possibility of appealing a guilty plea conviction.[7] And the record does not establish what information defense counsel provided Davis regarding a possible appeal. Any questions regarding the advice given by counsel, therefore, cannot be resolved through reference to the record. Furthermore, as noted above, a defendant who enters a guilty plea does not have an unqualified right to a direct appeal, and Davis has not established that he could have filed a direct appeal in this case. He thus "was not entitled to be informed of a non-existent 'right' to appeal."[8] Accordingly, the trial court properly denied his motion for out-of-time appeal.[9]

---

[2] See id.

[3] *Rittenberry v. State*, 260 Ga. App. 571 (580 SE2d 321) (2003) (citation and punctuation omitted).

[4] See *Denova*, supra.

[5] *Barnes v. State*, 274 Ga. 783 (559 SE2d 446) (2002); see also *Pearson v. State*, 265 Ga. App. 574, 574-575 (594 SE2d 769) (2004).

[6] See *Rittenberry*, supra at 572 (defendant's claim regarding voluntariness of his plea was not appropriate for an out-of-time appeal because "the issue[ ] of the voluntariness of a defendant's plea . . . can be developed only in the context of a post-plea hearing such as a hearing pursuant to . . . a petition for writ of habeas corpus") (punctuation and footnotes omitted).

[7] See *Syms v. State*, 240 Ga. App. 440, 441-442 (1) (523 SE2d 42) (1999).

[8] *Barnes*, supra (citation and punctuation omitted).

[9] See id.

2. Davis also argues that the trial court erred in denying his motions for an evidentiary hearing and for appointed counsel. A trial court, however, is not required to hold a hearing on a motion for out-of-time appeal.[10] And Davis was not entitled to appointed counsel to assist him at this point in the proceedings.[11] It follows that these two claims of error lack merit.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 22, 2007.

Kenorris Davis, *pro se.*

Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney, for appellee.

---

[10] See *Simpson v. State*, 263 Ga. App. 467, 469 (3) (588 SE2d 291) (2003).

[11] See *Denova*, supra at 17 (2).