## A07A1364. ROBERTSON v. THE STATE.

(651 SE2d 198)

RUFFIN, Judge.

In March 2001, David Robertson pleaded guilty to burglary as a recidivist, and the trial court sentenced him to 18 years in jail. In September 2005, Robertson moved for an out-of-time appeal. The trial court denied the motion, and this appeal ensued.[1] Finding no reversible error, we affirm.

A defendant who pleads guilty to a crime has no unqualified right to a direct appeal.[2] However, an out-of-time appeal may be appropriate "where, as a result of ineffective assistance of counsel, a timely direct appeal was not taken."[3] In order to show entitlement to a direct appeal from a guilty plea, Robertson must establish that his claims can be resolved solely by reference to the facts contained in the record.[4] We will affirm a trial court's denial of a motion for an out-of-time appeal absent abuse of discretion.[5]

1. Robertson contends that the trial court erred in denying his motion because he withdrew his guilty plea. This contention is belied by the record. When Robertson discovered that, as a recidivist, he would be required to serve the maximum time in jail, he initially withdrew his plea, and the trial court began to seat a jury. During a recess, Robertson apparently negotiated a plea. The trial court then informed Robertson of the charges against him, listed the rights Robertson would waive by pleading guilty, and was assured that Robertson had not been threatened or coerced into pleading guilty. At that point, the court asked Robertson how he would like to plead, and Robertson responded, "[g]uilty." Robertson made no additional attempt to withdraw his plea. Thus, Robertson's current argument lacks merit.[6]

2. Robertson argues that the trial court should have granted the motion for an out-of-time appeal because the record does not reflect a factual basis for his guilty plea. Under Uniform Superior Court Rule 33.9, a trial court should not accept a guilty plea unless the judge is satisfied "that there is a factual basis for the plea." This rule does not

---

[1] Robertson was not given the trial court's order in sufficient time to appeal the trial court's ruling. However, the habeas court granted an order permitting Robertson to appeal the trial court's order denying the motion for out-of-time appeal. Thus, it appears that jurisdiction is proper in this Court. See *Bodiford v. State*, 238 Ga. App. 531, 531-532 (517 SE2d 356) (1999).

[2] See *Denova v. State*, 268 Ga. App. 16 (601 SE2d 400) (2004).

[3] (Punctuation omitted.) *Sanders v. State*, 282 Ga. App. 834, 837 (3) (a) (640 SE2d 353) (2006).

[4] See id. at 837-838.

[5] See *Gray v. State*, 273 Ga. App. 441 (1) (a) (615 SE2d 248) (2005).

[6] See *Davis v. State*, 286 Ga. App. 80 (1) (648 SE2d 670) (2007).

require that guilt be shown beyond a reasonable doubt.[7] To the contrary, the court must merely

> satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged. The factual basis may be demonstrated from the record of the guilty plea hearing itself or other portions of the record such as a bond hearing, or the indictment alone may contain sufficient information to show that the facts alleged by the State satisfy all the elements of the charge to which the defendant pled guilty.[8]

Here, the indictment shows that Robertson was charged with burglary in that he unlawfully, "without authority[,] and with the intent to commit a theft therein, did enter the dwelling house of another." The court reiterated this charge at the hearing during which Robertson pleaded guilty. And during that hearing, Robertson told the judge, "I know what I did was wrong. And I wished to God I had never [gone] in that house. But, I want it straight on the record that if I had thought for one minute or knew for one minute that anybody lived in this house, I never would have [gone] in it." Under these circumstances, the trial court was authorized to find that a factual basis existed for Robertson's plea.[9]

3. According to Robertson, the trial court abused its discretion by denying his motion for an out-of-time appeal without first conducting an evidentiary hearing. This claim lacks merit. Since Robertson pleaded guilty, his motion for an out-of-time appeal must be capable of resolution by the existing record.[10] Thus, an evidentiary hearing is unnecessary.[11]

4. Robertson had numerous previous offenses and was thus charged as a recidivist. During his plea hearing, the trial court inquired if Robertson committed the previous offenses listed in the indictment. Robertson conceded that he had committed the crimes, and the trial court sentenced him accordingly. On appeal, Robertson contends that the trial court was not authorized to use the previous offenses in aggravation of sentencing without first establishing that

---

[7] See *Swantner v. State*, 244 Ga. App. 372, 373 (1) (535 SE2d 343) (2000); *Foster v. State*, 281 Ga. App. 584, 584-585 (1) (636 SE2d 759) (2006).

[8] (Citations and punctuation omitted.) *Swantner*, supra.

[9] See id.

[10] See *Sanders*, supra.

[11] See *Brown v. State*, 280 Ga. 658, 659-660 (3) (631 SE2d 687) (2006); *Gray*, supra at 445 (3).

he was represented by an attorney in those cases. However, Robertson never made this argument below, and "it is well settled that issues neither raised nor ruled on in the trial court cannot be raised for the first time on appeal."[12]

5. Finally, Robertson argues that the trial court abused its discretion in denying his motion without first considering whether his attorney was ineffective for failing to file an appeal. As stated above, however, a defendant who pleads guilty does not have an unqualified right to a direct appeal.[13] And Robertson has not demonstrated that he had any meritorious basis for appealing his guilty plea. As an attorney cannot be deemed ineffective for failing to pursue a meritless appeal, we find no abuse of discretion in the trial court's denial of Robertson's motion for an out-of-time appeal.[14]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 16, 2007.

David E. Robertson, *pro se.*
Garry T. Moss, *District Attorney, James L. Cannella, Jr., Assistant District Attorney*, for appellee.

---

[12] (Punctuation omitted.) *Byrd v. Regal Ins. Co.*, 275 Ga. App. 779, 781 (621 SE2d 758) (2005).

[13] See *Denova*, supra.

[14] See *Gray*, supra at 442 (1) (b).