### A08A1794. DOWLING v. THE STATE.
(669 SE2d 198)

JOHNSON, Presiding Judge.

On July 15, 1994, David Dowling entered a negotiated guilty plea to four counts of aggravated child molestation, six counts of child molestation, two counts of rape, and one count of aggravated sodomy. No timely appeal or motion to withdraw his plea was ever filed. In November 2007, Dowling moved for an out-of-time appeal. The trial court denied the motion, and this appeal ensued. Finding no reversible error, we affirm.

An out-of-time appeal is available only when an appellant can show "first, that he actually had a right to file a timely direct appeal; and second, that the right to appeal was frustrated by the ineffective assistance of counsel."[1] A defendant who pleads guilty to a crime has no unqualified right to a direct appeal.[2] In order to show entitlement to a direct appeal from a judgment of conviction and sentence entered on a guilty plea, Dowling must establish that his claims can be resolved solely by reference to the facts contained in the record.[3] The denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and we will not disturb the trial court's decision absent an abuse of discretion.[4]

In his pro se appellate brief, Dowling contends the trial court erred in failing to grant him an out-of-time appeal or a hearing to determine whether his trial counsel was ineffective in not informing him of his right to appeal or his right to withdraw his guilty plea. However, Dowling concedes that the record does not establish what information defense counsel provided to him regarding the possibility of a direct appeal or a withdrawal of his guilty plea. Thus, any questions about the advice given by Dowling's trial counsel cannot be resolved based on the existing record, and such claims are therefore not proper grounds for an out-of-time appeal.[5]

To the extent that Dowling contends the trial court should have

---

[1] (Punctuation and footnote omitted.) *Davis v. State*, 286 Ga. App. 80 (1) (648 SE2d 670) (2007).

[2] See *Denova v. State*, 268 Ga. App. 16 (601 SE2d 400) (2004).

[3] *Robertson v. State*, 287 Ga. App. 271 (2) (651 SE2d 198) (2007); *Davis*, supra at 81 (1).

[4] *Denova*, supra at 16.

[5] *Davis*, supra.

granted him a hearing to develop evidence outside the record that might show ineffective assistance of trial counsel, this claim lacks merit. Dowling's motion for an out-of-time appeal must be capable of resolution by the existing record, making an evidentiary hearing unnecessary.[6] Because Dowling cannot prevail on his present claims based on the record alone, the trial court properly denied his motion for an out-of-time appeal.

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED OCTOBER 21, 2008 —
RECONSIDERATION DISMISSED NOVEMBER 6, 2008.

David A. Dowling, *pro se.*
*Daniel J. Porter, District Attorney, Thomas J. Ludlam, Assistant District Attorney*, for appellee.

---

[6] *Robertson*, supra at 272 (3); *Davis*, supra at 82 (2).