A09A1518. KELLY v. THE STATE.

(686 SE2d 842)

BARNES, Judge.

On March 25, 1988, Kelvin L. Kelly negotiated a plea of guilty to one count of burglary. He was sentenced under the First Offender Act to five years, one to serve in prison and the balance probated. In November 1988, the trial court revoked six months of Kelly's probation for failure to comply with certain conditions of his probation. However, his first offender status remained intact. A second

revocation hearing was held on February 6, 1989, and although the trial court revoked another six months of Kelly's probation, his first offender status remained unchanged.

At his third probation revocation hearing on February 14, 1990, based on an armed robbery offense, the trial court revoked Kelly's first offender status and sentenced him to ten years to serve in prison on the original burglary charge. Kelly, at the same hearing, entered a negotiated plea to the armed robbery charge, which was reduced to robbery by intimidation as part of the plea. Kelly was sentenced to eight years to serve concurrent with the revoked sentence. The trial court, thereafter, vacated the sentence of ten years on the revocation, and sentenced Kelly to eight years on the revocation to run concurrent with the sentence of eight years on the robbery by intimidation charge. On December 2, 2008, Kelly filed a motion for an out-of-time appeal, which the trial court denied. He now appeals, pro se, from the denial of that motion.

Kelly contends the trial court erred in denying his motion for an out-of-time appeal and in finding that he had not timely filed a motion to withdraw his guilty plea or an appeal of his probation revocation. Kelly also contends that he was not informed pursuant to OCGA § 5-6-35 (a) that he had the right to appeal the revocation of his first offender status and to withdraw his guilty plea to burglary if his status was going to be revoked. Following our review, we affirm.

1. We note at the outset that Kelly offers no legal authority or reasoned argument as to why the trial court's ruling as to any of his claims constituted error, thereby risking the abandonment of these enumerations of error. See *Davis v. State*, 244 Ga. App. 345, 349 (535 SE2d 528) (2000); Court of Appeals Rule 25 (c) (2). Kelly merely lists four enumerated errors with no supportive argument, citations to the record, or legal authority. This Court is not required to review the record on behalf of the pro se appellant searching for error. *Gardner v. State*, 289 Ga. App. 359, 360 (657 SE2d 288) (2008). Proceeding pro se "does not relieve [Kelly] of the obligation to comply with the substantive and procedural requirements of the law, including the rules of this [C]ourt." *Simon v. City of Atlanta*, 287 Ga. App. 119, 120 (1) (650 SE2d 783) (2007). Nevertheless, we exercise our discretion to review Kelly's enumerations of error on the merits. *Powles v. State*, 248 Ga. App. 4 (545 SE2d 153) (2001).

2. To the extent Kelly argues that the trial court erred in denying his motion for an out-of-time appeal because it failed to inform him of his right to withdraw his guilty plea before sentencing, that allegation is not the proper subject of an out-of-time appeal. An out-of-time appeal is a remedy for a right of appeal frustrated by

ineffective assistance of counsel. *Smith v. State*, 266 Ga. 687 (470 SE2d 436) (1996). Further,

> [a] defendant who pleads guilty to a crime has no unquali-
> fied right to a direct appeal. [See *Denova v. State*, 268 Ga.
> App. 16 (601 SE2d 400) (2004).] In order to show entitle-
> ment to a direct appeal from a judgment of conviction and
> sentence entered on a guilty plea, [Kelly] must establish
> that his claims can be resolved solely by reference to the
> facts contained in the record. [*Robertson v. State*, 287 Ga.
> App. 271 (2) (651 SE2d 198) (2007); *Davis v. State*, 286 Ga.
> App. 80, 81 (1) (648 SE2d 670) (2007).] The denial of a
> motion for an out-of-time appeal is a matter within the
> discretion of the trial court, and we will not disturb the trial
> court's decision absent an abuse of discretion.

(Footnotes omitted.) *Dowling v. State*, 294 Ga. App. 413 (669 SE2d 198) (2008). Because Kelly cannot prevail on his present claims based on the record alone, the trial court did not abuse its discretion by denying his motion for an out-of-time appeal.

*Judgment affirmed. Miller, C. J., and Andrews, P. J., concur.*

DECIDED NOVEMBER 16, 2009.

Kelvin L. Kelly, *pro se.*
*Larry Chisolm, District Attorney, Christine S. Barker, Assistant District Attorney,* for appellee.

