**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**January 8, 2024**

# In the Court of Appeals of Georgia

A23A1703. COMPTON v. THE STATE.

MILLER, Presiding Judge.

Alexander Braden Compton entered an *Alford*[1] plea to one count of theft by receiving stolen property. Compton challenges this conviction, arguing that it should be vacated because the trial court did not resolve the conflict between his claims of innocence and guilty plea at the plea colloquy and did not sufficiently ascertain the factual basis for the underlying theft charge. For the reasons set forth below, we affirm.

The record shows that Compton was charged by accusation with one count of theft by taking of a value greater than $5,000 (OCGA § 16-8-2) and one count of theft by receiving stolen property of a value greater than $5,000 (OCGA § 16-8-7).

---

[1] *North Carolina v. Alford*, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

Pursuant to a plea agreement, Compton agreed to enter an *Alford* plea to the theft by receiving stolen property charge, and the State agreed to nolle pros the theft by taking charge. As part of the plea agreement, Compton filed an "Affidavit - Plea of Guilty," through which Compton represented that he understood the charges, that he did not want the trial court to read the accusation at the colloquy, and that he did not want the court to "explain anything therein" to him. Compton further represented that he understood the potential sentencing ranges, that no one had threatened or coerced him into pleading guilty, and that he understood the various constitutional rights that he was waiving by pleading guilty.

At the plea colloquy, the trial court questioned Compton as to whether he reviewed the plea affidavit with his counsel, whether he understood the form, and whether the answers on the form were true and correct, and Compton responded affirmatively. The trial court confirmed with Compton that he understood the constitutional rights that he was waiving by pleading guilty and that he discussed the matter with his counsel. The trial court also confirmed that Compton understood the charges against him and that he was aware of the relevant sentencing ranges. The trial court further confirmed that Compton was not under the influence of any drugs or alcohol and that no one had threatened or coerced him into pleading guilty. The trial

court then asked the State to outline the factual basis for the charges, to which the State responded that

> a Codes [sic] Enforcement Officer came to what essentially is a mobile home or a tiny home and found the Defendant living there. He did not own that tiny home. And there is a dispute as to whether he had permission to be living in that tiny home. And the tiny home itself was moved from its original location.
>
> The victim in this case says that the tiny home was supposed to be in a separate location. So the theft by receiving is that he did – the State would show that he did receive this mobile home or tiny home knowing that it was not his.

The trial court asked Compton if he was entering an *Alford* plea because there was a substantial likelihood that he could be found guilty beyond a reasonable doubt if the case proceeded to trial, and Compton responded, "Yes. That's correct." The trial court found that there was a factual basis for the guilty plea and that the plea was freely and voluntarily entered, and the court then accepted the plea and sentenced Compton to ten years' probation. This appeal followed.

In his sole claim of error, Compton argues that his conviction should be vacated because the trial court did not resolve the conflict between his claim of innocence and his decision to plead guilty by failing to ascertain the factual basis for

3

the theft charge. We conclude that the trial court fully complied with its duty to ascertain the factual basis supporting Compton's crime, and so we affirm.

> When a defendant challenges the validity of a guilty plea, the State has the burden of showing that the plea was made intelligently and voluntarily. And the State may satisfy its burden to show that a plea was knowingly and voluntarily made by demonstrating on the record of the guilty plea hearing that the defendant understood the rights being waived and possible consequences of the plea or by pointing to extrinsic evidence affirmatively showing that the plea was voluntary and knowing. . . . [W]hen it comes to an *Alford* plea, the trial court "may accept a guilty plea from a defendant who claims innocence if the defendant has intelligently concluded that it is in his best interest to plead guilty and the court has inquired into the factual basis for the plea and sought to resolve the conflict between the plea and the claim of innocence. Furthermore, the voluntariness and intelligence of an *Alford* plea is judged by the same standard as a routine guilty plea: whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.

(Citations and punctuation omitted.) *Rios v. State*, 358 Ga. App. 359, 359-360 (855 SE2d 372) (2021).[2]

---

[2] Compton argues at length that the manifest injustice standard set out in Uniform Superior Court Rule 33.12 does not apply in this case because Compton (1) did not file a motion to withdraw his plea in the trial court; and (2) entered an *Alford* plea. Because we conclude that the trial court did not violate Rule 33.9, we do not

4

"Notwithstanding the acceptance of a plea of guilty, judgment should not be entered upon such plea without such inquiry on the record as may satisfy the judge that there is a factual basis for the plea." Uniform Superior Court Rule 33.9. "[T]he requirement that a factual basis be shown for a plea is to protect against someone pleading guilty when that person may know what he has done but may not know that those acts do not constitute the crime with which he is charged." (Citation and punctuation omitted.) *Tate v. State*, 287 Ga. 364, 367 (1) (b) (695 SE2d 591) (2010). This rule "does not require that guilt be shown beyond a reasonable doubt" during a plea colloquy; instead, "the court must merely satisfy itself subjectively that the pleader knows both what he has done and that those acts constitute the crime with which he is charged." (Citations and punctuation omitted.) *Robertson v. State*, 287 Ga. App. 271, 271-272 (2) (651 SE2d 198) (2007); see also *Oliver v. State*, 308 Ga. 652, 654 (1) (842 SE2d 847) (2020) ("The rule requires nothing more than that the trial court make itself aware of the factual basis of the plea.") (citation omitted).

> A trial court may glean the factual basis for a plea from facts put on the record at the guilty plea hearing, or the court may learn the factual basis from parts of the record outside the plea hearing so long as the court makes clear on the plea hearing record that it is relying on those other

reach the question of whether the manifest injustice standard applies.

5

parts of the record and so long as those parts are included in the record for appeal.

(Citation omitted.) *Bielen v. State*, 265 Ga. App. 865, 866 (1) (595 SE2d 543) (2004).

"A person commits the offense of theft by receiving stolen property when he receives, disposes of, or retains stolen property which he knows or should know was stolen unless the property is received, disposed of, or retained with intent to restore it to the owner." OCGA § 16-8-7 (a). "A person convicted of [theft by receiving stolen property] shall be punished as for a misdemeanor except [i]f the property which was the subject of the theft was at least $5,000.00 in value[,]" in which case the punishment shall be "by imprisonment for not less than one nor more than ten years and, in the discretion of the trial judge, as for a misdemeanor[.]" OCGA § 16-8-12 (a) (1) (B).

Here, although the accusation itself was not read into the record at the plea colloquy, Compton represented on his plea affidavit that he understood the charges, that he did not want the trial court to read the accusation at the colloquy, and that he did not want the court to "explain anything therein" to him. At the plea colloquy, the trial court again questioned Compton as to whether he was aware of the nature of the charges against him, and he responded that he was so aware. The trial court then

6

asked the State to provide a summary of the facts behind the charge, and the State provided the factual proffer listed above. Compton argues, however, that the factual proffer provided by the State failed to establish the value of the stolen property and failed to establish that Compton did not have the intent to restore the stolen property to the owner. Because there is no indication that the trial court reviewed anything else in the record before accepting the guilty plea, Compton argues that the trial court failed in its duty to ascertain the factual basis for the underlying charge and that his plea was therefore not knowing and voluntary.

We disagree, however, because we conclude that the State's factual proffer set out sufficient facts from which the trial court could satisfy itself subjectively that the acts constitute the crime with which Compton was charged. First, as to the intent element, the State's factual proffer alleged that Compton was "living" in the mobile home in a location separate from where the home was supposed to be located, which reasonably implies that Compton had no intention of returning the home to its rightful owner. See *Pender v. State*, 311 Ga. 98, 104 (1) (a) (856 SE2d 302) (2021) ("A lack of intent to restore the property to its rightful owner can be demonstrated by direct evidence or inferred from the circumstances."); *Ingram v. State*, 268 Ga. App. 149, 150 (1) (601 SE2d 736) (2004) (evidence was sufficient to show defendant lacked

7

intent to return a trailer to the owner when he kept it and used it for two months without making any attempt to contact the police or the owner).

As for the value of the stolen property,[3] we conclude that the State's allegation that Compton possessed a stolen "mobile home" or "tiny home" was sufficient to indicate to the trial court that the value of the stolen property was at least $5,000. In so doing, we again note that a trial court did not need to hear evidence showing beyond a reasonable doubt that the stolen property was worth at least $5,000 but that instead "the court must merely satisfy itself *subjectively* that the pleader knows both what he has done and that those acts constitute the crime with which he is charged." (Citations and punctuation omitted; emphasis supplied.) *Robertson*, supra, 287 Ga. App. at 271-272 (2). The trial court could have reasonably concluded from the circumstances that a "mobile home" or a tiny home" which was in good enough

---

[3] We note that "[w]hile value is not an element of the crime of theft by receiving stolen property, it is relevant in order to distinguish between a felony and a misdemeanor for purposes of sentencing." (Citation omitted.) *Campbell v. State*, 275 Ga. App. 8, 10 (3) (619 SE2d 720) (2005). Generally, "[i]n order to establish the proper measure of value under OCGA § 16-8-12, the State must prove the fair cash market value either at the time and place of the theft or at any time during the receipt or concealment of the property. . . . Examples of other evidence combined with the purchase price to support valuation include condition of the property, use history, and photographs." (Citations and punctuation omitted.) *Carswell v. State*, 362 Ga. App. 662, 663-664 (869 SE2d 621) (2022).

condition for Compton to be "living" in was worth at least $5,000. Cf. *Summers v. State*, 356 Ga. App. 72, 74 (1) (a) (846 SE2d 236) (2020) (noting that a factfinder "may draw from their own experience in forming estimates" of the fair market value of "everyday objects" "with which the average person [would have] some knowledge and experience in terms of their value and market characteristics") (citation omitted). We find no error in the trial court's conclusion that there was a factual basis to support the defendant's crime. See *Tate*, supra, 287 Ga. at 366-367 (1) (b) (factual proffer was sufficient to show a factual basis for the defendant's crimes even though there were several contradictory accounts of what occurred). Compare *Clinton v. State*, 359 Ga. App. 303, 306 (2) (857 SE2d 283) (2021) (a manifest injustice occurred where the record showed that the defendant's relationship to the victim was not one covered by the incest statute, and so there was "no possible factual basis" to support an incest conviction).

Compton has therefore failed to demonstrate that the trial court erred by accepting his *Alford* plea, and so we affirm Compton's theft by receiving stolen property conviction.

*Judgment affirmed. Mercier, C. J., and Hodges, J., concur.*