## A01A1084. REED v. THE STATE.
(554 SE2d 792)

BLACKBURN, Chief Judge.

Following his guilty plea and conviction for aggravated child molestation and cruelty to children, Jeffrey Ray Reed appeals, contending that his guilty plea was not knowingly and voluntarily entered because he was misinformed about his right to ask the Sentence Review Panel to review his sentence. For the reasons set forth below, we affirm.

> Before accepting a plea of guilty, a trial court must determine that the plea is voluntarily made and that the defendant intelligently and understandingly waives his constitutional rights, which requires a showing on the record that the defendant has freely and voluntarily entered the plea with an understanding of the nature of the charges against him and the consequences of his plea. When a defendant enters a plea of guilty and subsequently challenges the validity of the guilty plea, the State may meet its burden of demonstrating the plea was intelligently and voluntarily entered by two means, (1) showing on the record of the guilty plea hearing that the defendant was cognizant of all of the rights he was waiving and the possible consequences of his plea; or (2) filling a silent or incomplete record by use of extrinsic evidence that affirmatively shows that the guilty plea was knowing and voluntary.

(Punctuation omitted.) *Stephens v. State.*[1]

At Reed's plea hearing on October 6, 1998, Reed indicated that he was aware of the nature of the charges against him, that he understood all of his constitutional rights, that the trial court could sentence him to the maximum amount of time for each offense, and that his sentences could run consecutively or concurrently. Reed's sentencing hearing was not held until December 9, 1998, a full two months later. At this time, neither Reed nor his attorney made any objections regarding his ability to seek sentence review. The trial court then sentenced Reed as follows: Count 1: aggravated child

---

[1] *Stephens v. State*, 235 Ga. App. 756, 757-758 (510 SE2d 575) (1998).

molestation — 30 years; Count 2: cruelty to children — 20 years concurrent to Count 1; Count 3: cruelty to children — 20 years to be served consecutive to Counts 1 and 2; and Count 4: cruelty to children — 20 years to be served on probation consecutive to Counts 1, 2, and 3.

The record also shows that, prior to entering his guilty plea, Reed and his counsel signed a form entitled "AFFIDAVIT — PLEA OF GUILTY." In general, this form certified that Reed understood the charge against him, that he understood the rights he was waiving by entering a guilty plea, that he was fully aware of the minimum and maximum sentences he could receive, and that he was entering his guilty plea knowingly and voluntarily. In addition to the other queries, the final question on this form asks: "Do you understand that if the sentence is 5 years or more you have the right to have your sentence(s) reviewed by the Sentence Review Panel; provided you ask for the review within 30 days?" Reed answered this question affirmatively.

On appeal, Reed argues that this final question is substantively improper and that, as such, he was misinformed regarding his right to have his sentence reviewed and he could not have knowingly entered his plea of guilty. We cannot agree.

Reed is correct that the form's question is incorrect. OCGA § 17-10-6 (a) provides:

> In any case, except cases in which the death penalty is imposed or cases involving a serious violent felony as defined in subsection (a) of Code Section 17-10-6.1, in which a sentence of 12 or more years, or several consecutive sentences which total 12 or more years, has been fixed and imposed by a judge, without a jury, the defendant shall have the right to have the sentence or sentences reviewed by a panel of three superior court judges to determine whether the sentence or sentences so imposed are excessively harsh.

Reed is incorrect, however, that this error in the guilty plea affidavit automatically makes his guilty plea invalid. Eligibility or ineligibility to have a sentence reviewed by the Sentence Review Panel pursuant to OCGA § 17-10-6 is not a direct consequence of a guilty plea. Rather, such review, like eligibility or ineligibility for parole, is

> a matter of legislative grace or a consequence of the withholding of legislative grace. Thus, OCGA § [17-10-6] would have only a collateral effect on [Reed's] sentence for [aggravated child molestation and cruelty to children], in no way lengthening the sentence itself, but [simply providing a stat-

utory method of sentence review for certain sentences in excess of 12 years]. There is no constitutional requirement that a defendant be advised of such collateral consequences in order for his guilty plea to be valid. If a defendant's actual knowledge of such collateral consequences is not a prerequisite to his entry of a knowing and voluntary guilty plea, his lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea.

(Citations and punctuation omitted.) *Williams v. Duffy*.[2]

Here, the record is clear that Reed was well aware of the minimum and maximum sentence he could receive for each crime to which he pled guilty. And, each sentence handed down was within the statutory sentencing guidelines about which he had been informed. Therefore, the record supports a finding that Reed's plea was both knowing and voluntary.

Reed also argues that his guilty plea should be considered invalid because, after sentencing, the trial court incorrectly informed him that he could seek sentence review of his conviction for aggravated child molestation. Even if this error occurred, however, it could not have had an impact on Reed's decision to enter his plea, because it did not happen until after his sentence had been passed down.

*Judgment affirmed. Pope, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 20, 2001.

*Robert L. Stultz*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Douglas R. Woodruff, Assistant District Attorney*, for appellee.

[2] *Williams v. Duffy*, 270 Ga. 580, 581 (1) (513 SE2d 212) (1999).