S02A1099. HARRELL v. THE STATE.
(570 SE2d 315)

CARLEY, Justice.

Cedric Harrell shot and killed Thakor Patel while trying to rob Mr. Patel's package store. Harrell confessed to the shooting, and the grand jury indicted him on five charges, including malice murder. He negotiated a plea agreement pursuant to which he would plead guilty to malice murder and, in exchange, the State would not seek the death penalty and would drop the remaining four charges. The trial court accepted the plea and sentenced appellant to life without parole. The trial court granted an out-of-time appeal, and Harrell appeals from the judgment of conviction and sentence entered on his

guilty plea.[1]

1. "A guilty plea should not be allowed to stand where 'influenced by the slightest hope of benefit or the remotest fear of injury. . . .' [Cit.]" *Thompson v. Greene*, 265 Ga. 782, 784 (1) (462 SE2d 747) (1995). Appellant contends that he was under the mistaken impression that his sentence for murder would be subject to review by the Sentence Review Panel. OCGA § 17-10-6 (f). The record shows that, after accepting the plea and imposing the sentence, the trial court informed him:

> [W]hile I do not think that under current law it is applicable, I also need to advise you that our law provides for the review of certain sentences which exceed 12 years in length, and so out of an abundance of caution, I am going to advise you that you may conceivably have a right to file an application for sentence review. . . .

This statement does not assure Harrell that he had the right to seek sentence review. In fact, it casts doubt on the existence of such a right. Moreover, the statement could not have influenced appellant's decision to plead guilty, as the trial court did not make it until after accepting the plea and imposing the sentence. *Reed v. State*, 251 Ga. App. 606, 608 (3) (554 SE2d 792) (2001).

2. During the course of the hearing, but before accepting the plea, the trial court questioned appellant extensively about his constitutional rights, including whether he "understood that during [a] trial you have a right to remain silent, and that you cannot be compelled to take any action or make any statement that might tend to incriminate you." Harrell's responses to all of the trial court's inquiries demonstrate the constitutional validity of his plea. See *Britt v. Smith*, 274 Ga. 611 (556 SE2d 435) (2001).

He contends, however, that the trial court should have advised him at the very outset of his right to remain silent at the hearing itself. He cites Uniform Superior Court Rule 33.8 as the authority for this proposition, but that rule does not impose such a duty on a trial court. The very purpose of a guilty plea hearing is to determine the validity of the plea. Thus, a trial court is entitled to assume that the defendant will respond when it seeks to decide whether to accept the plea. Indeed, a guilty plea hearing at which the defendant remains

---

[1] The murder was committed on January 18, 1994. The grand jury indicted Harrell on March 14, 1994. On August 2, 1994, the trial court accepted his guilty plea and imposed the sentence. On March 2, 2002, the trial court granted an out-of-time appeal. On March 27, 2002, appellant filed a notice of appeal. The case was docketed in this Court on April 8, 2002. The appeal was submitted for decision on June 3, 2002.

silent would frustrate the intent of Rule 33.8. The crucial issue is whether Harrell understood that his guilty plea was tantamount to a waiver of the right to remain silent, and the record shows that he did. The fact that he was not informed of a right to remain silent at the beginning of the hearing which he himself requested does not affect the validity of the guilty plea which he subsequently entered.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 30, 2002.

*William D. Edwards*, for appellant.

*J. David Miller, District Attorney, Justo C. Cabral III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.