### A10A0453. BELCHER v. THE STATE.
(697 SE2d 300)

MILLER, Chief Judge.

After a DeKalb County grand jury returned an indictment charging Shea Belcher with two counts of armed robbery, two counts of aggravated assault, and a single count each of kidnapping with bodily injury, battery, and false imprisonment, Belcher entered a

---

negotiated plea of guilty to two counts of armed robbery (OCGA § 16-8-41) and one count of simple kidnapping (OCGA § 16-5-40). Some two and a half years later Belcher, pro se, filed a number of motions, including a motion for an out-of-time appeal, motion to withdraw guilty plea, and motion for evidentiary hearing. Belcher, pro se, now appeals from the trial court's order denying his motions, arguing that his guilty plea was invalid and that he was entitled to an evidentiary hearing. Finding no merit in Belcher's challenges to his guilty plea and that an evidentiary hearing was not required, we affirm.

At the plea hearing, the prosecutor explained that the parties had reached a negotiated plea, pursuant to which Belcher would plead guilty to two counts of armed robbery and one count of kidnapping and receive a sentence of 20 years imprisonment, and, in return, the State would drop the remaining charges against him. The prosecutor also provided a factual basis for Belcher's plea, explaining that the charges against him arose out of two armed robberies in which Belcher victimized women he met over a telephone chatline. In the course of the second armed robbery, Belcher held a five-year-old boy at knifepoint and cut the boy's mother in the neck when she tried to come to his assistance. After the prosecutor examined Belcher on the record and upon verifying that Belcher understood the rights he was waiving, the trial court found that Belcher's guilty plea was voluntarily and intelligently entered and adopted the negotiated plea.

1. Belcher, through nine enumerations of error, contends that the trial court erred in denying his motion for an out-of-time appeal.

> A defendant who has pled guilty to a crime may obtain an out-of-time appeal only if the issues he seeks to raise can be resolved by facts appearing on the record and if his failure to seek a timely appeal was the result of ineffective assistance of counsel. Where the record shows that the attacks on the guilty plea that a defendant seeks to raise in an out-of-time appeal are without merit, trial counsel cannot have been ineffective in failing to pursue such an appeal, and a trial court thus does not err in denying an out-of-time appeal. We review a trial court's denial of a motion for out-of-time direct appeal for an abuse of discretion.

(Citations, punctuation and footnotes omitted.) *McCoon v. State*, 294 Ga. App. 490, 491 (669 SE2d 466) (2008). Since the record here refutes Belcher's attacks on his guilty plea, we conclude that the trial court did not abuse its discretion in denying his motion for an out-of-time appeal.

(a) Belcher argues that his indictment was fatally defective in that it failed to allege the methods by which the offense of aggravated assault was committed. Even were Belcher correct, he ignores the fact that he did not plead guilty to aggravated assault. Accordingly, he would not be entitled to a direct appeal on the ground that he "was sentenced to incarceration on a criminal charge never properly made." *Smith v. Hardrick*, 266 Ga. 54, 56 (3) (464 SE2d 198) (1995).

We discern, however, no defect in the aggravated assault counts of the indictment. Those counts alleged that Belcher "did make an assault upon the person of" the five-year-old boy and his mother "with a knife, a deadly weapon." "[T]he language of the indictment tracks that of OCGA § 16-5-21 (a) (2) and is not too vague to inform [Belcher] of the charges against him." (Citation and punctuation omitted.) *Jackson v. State*, 285 Ga. 840, 842 (2) (684 SE2d 594) (2009) (assault counts of indictment alleging that appellant assaulted one victim "with a certain knife, same being a deadly weapon" and another victim "with a certain paring knife, same being a deadly weapon" not subject to demurrer).

(b) Belcher argues that, for a number of reasons, his plea was not entered knowingly and voluntarily. We disagree.

(i) Belcher first contends that his plea was invalid because the trial court failed to comply with certain requirements of Uniform Superior Court Rule ("USCR") 33. In reviewing the validity of a guilty plea, however, "the question is not whether the trial court followed the letter of USCR 33 but whether the record, as a whole, affirmatively shows the plea was knowing and voluntary." (Punctuation and footnote omitted.) *Winkles v. State*, 275 Ga. App. 351, 353 (2) (620 SE2d 594) (2005); *Wiggins v. State*, 245 Ga. App. 527, 528 (538 SE2d 180) (2000) (affirming denial of motion to withdraw guilty plea despite appellant's contention that the trial court did not comply with USCR 33.7, 33.8, and 33.11).

When the prosecutor examined Belcher, Belcher testified that his lawyer had explained the charges against him and, further, that he understood that he had the right to a jury trial; the right to assistance of counsel at trial; the right to a presumption of innocence; the right not to incriminate himself; the right to question witnesses against him at trial; and the right to subpoena witnesses on his own behalf, testify and offer other evidence at trial. Belcher stated that he understood that he was giving up all of those rights by entering a plea of guilty and that no one had made threats or promises to influence him to plead guilty. The trial court also questioned Belcher to confirm that he understood the nature of the rights he was waiving.

In addition, the record shows that the prosecutor provided

Belcher with much of the information he claims the trial court should have, but did not, furnish. For example, upon questioning by the prosecutor, Belcher answered affirmatively when asked if he "understood that the state is recommending on a negotiated plea to the charges of armed robbery and kidnapping a sentence of 20 years to serve." The prosecutor also told Belcher that "[t]he maximum sentence for the charges as reduced would be either 60 years to serve or two life sentences plus 20 years," and when the prosecutor asked Belcher if he understood that the court was not bound by any promises or recommendations and could impose the maximum sentence, Belcher responded, "Yes."[1]

Although the record does not reveal that Belcher was advised of the mandatory minimum sentences on the charges to which he pled guilty, as contemplated by USCR 33.8 (C) (4),

> a defendant's otherwise voluntary guilty plea is not invalidated merely because the range of punishment on the plea was never recited to him, when he makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed.

(Citations and punctuation omitted.) *Adams v. State*, 285 Ga. 744, 746-747 (3) (683 SE2d 586) (2009). "When a defendant enters a negotiated guilty plea and receives the sentence for which he bargained, the consequences of receiving the sentence to which [he] agreed can hardly be deemed unanticipated or adverse." (Citation and punctuation omitted.) *Rocha v. State*, 287 Ga. App. 446, 450-451 (2) (b) (651 SE2d 781) (2007). Given that Belcher received the sentence he bargained for, he cannot establish that he suffered adverse consequences from not knowing the mandatory minimum sentences for armed robbery and kidnapping.

Here, the record as a whole establishes that Belcher understood the nature of the charges against him, the rights he was waiving, and the consequences of the plea. See *McDaniel v. State*, 271 Ga. 552, 553 (2) (522 SE2d 648) (1999). As such, his plea was entered knowingly and voluntarily.

(ii) Belcher argues that his guilty plea was involuntary because the prosecutor and trial court incorrectly advised him that he could

---

[1] Contrary to Belcher's argument, the trial court had no duty under USCR 33.11 (D) to inform Belcher that he had the right to withdraw his guilty plea before sentence was pronounced because such notice is required only if the trial court intends to reject a negotiated plea agreement. *McMillian v. State*, 266 Ga. App. 749, 750 (598 SE2d 371) (2004). Here, the trial court adopted the negotiated plea.

apply for sentence review by a three-judge panel pursuant to OCGA § 17-10-6 (2006).[2] We are not persuaded.

Belcher was ineligible for sentence review because he pled guilty to two serious violent felonies. OCGA §§ 17-10-6 (a), 17-10-6.1 (a) (2006). In the course of examining Belcher at the guilty plea hearing, the prosecutor advised the trial court, "Your Honor, I know the sentence is more than 12 years but I do not believe that as a serious violent felony that . . . this sentence is reviewable by the Sentence Review Panel but I'll go over that in any event." The trial court instructed the prosecutor to "[j]ust go over that in an abundance of caution," and the following exchange between the prosecutor and Belcher ensued:

Q. Mr. Belcher, do you understand what I'm saying? These are serious violent felonies. These are mandatory sentences for which there is no parole. However, I will let you know that since your sentence is 12 years or greater you may have the right to have your sentence reviewed by the Judge's Review Panel. . . . Do you understand that?
A. Yes.
Q. Understanding, as I said, that I do not believe that the sentences are reviewable. Okay?
A. Yes.

Neither the prosecutor nor the trial court affirmatively represented or assured Belcher that the sentence to be entered was subject to OCGA § 17-10-6 (a). The prosecutor's statements, if anything, served only to "cast[ ] doubt on the existence of . . . a right" to sentence review. *Harrell v. State*, 275 Ga. 519, 520 (1) (570 SE2d 315) (2002). While the prosecutor failed to provide Belcher with definitive guidance about whether he could seek sentence review, he was not required to do so. A defendant's eligibility or ineligibility to seek sentence review is a collateral consequence of entering a guilty plea (*Reed v. State*, 251 Ga. App. 606, 607 (554 SE2d 792) (2001)), and a defendant's "lack of knowledge of [such] collateral consequences cannot affect the voluntariness of the plea." (Citations and punctuation omitted.) *Williams v. Duffy*, 270 Ga. 580, 582 (1) (513 SE2d 212) (1999).

(iii) Belcher also argues that, in providing the factual basis for the plea, the prosecutor falsely claimed that the victim in the first armed robbery identified Belcher as the perpetrator from a photo-

---

[2] The General Assembly terminated the right to sentence review by a panel of three superior court judges, effective July 1, 2007. See OCGA § 17-10-6.3. Belcher entered his guilty plea in 2006.

graphic lineup. Belcher's argument is premised on the fact that the photographic lineup and admonition form the State produced in discovery do not indicate on their face who the victim identified. These documents are not inconsistent with and do not undermine the veracity of the prosecutor's statement. Further, after the prosecutor provided the factual basis for the plea, Belcher's counsel, without objection from his client, represented that while "[t]here are some aspects of this case, some of the factual statements that [Belcher] would dispute . . . he does not dispute the fact that there were two counts of armed robbery that he was involved in. . . ." Given the prosecutor's summary of the evidence supporting the charges against Belcher and Belcher's counsel's admission of culpability, the trial court was more than justified in determining, in accordance with USCR 33.9, that there was a factual basis for the plea, and neither the photographic lineup nor admonition form establish that the trial court relied on inaccurate information in doing so.

(iv) Finally, Belcher attacks the validity of his plea on the ground that he received ineffective assistance from his defense counsel. A claim of ineffective assistance of counsel in connection with a guilty plea "requires a determination of both deficient performance and prejudice, which normally can be developed only in the context of a post-plea hearing." (Citations and punctuation omitted.) *Barlow v. State*, 282 Ga. 232, 233-234 (647 SE2d 46) (2007). It is apparent from the record here, however, that Belcher's ineffective assistance claims fail because Belcher cannot show deficient performance.

Belcher argues that his defense counsel was ineffective in failing to correct the trial court and prosecutor's misstatement regarding his eligibility to seek review of his sentence. As discussed above, neither the trial court nor the prosecutor informed Belcher that he was entitled to seek sentence review. Belcher also maintains that defense counsel erroneously advised him to enter a plea of guilty upon a defective indictment, but as previously discussed, the indictment was valid and sufficient.

2. Belcher's claims of error fail to the extent he challenges the trial court's denial of his motion to withdraw his guilty plea because Belcher's motion was filed after the expiration of the term of court in which the plea was entered. *Brown v. State*, 280 Ga. 658, 658 (1) (631 SE2d 687) (2006); OCGA § 15-6-3 (37).

3. We find no merit in Belcher's argument that he was entitled to an evidentiary hearing. Given that the issues Belcher raises regarding the validity of his plea must be resolved against him based on the record, denial of his motion for an out-of-time appeal without a hearing was not error. *Brown*, supra, 280 Ga. at 659-660 (3).

*Judgment affirmed. Phipps, P. J., and Johnson, J., concur.*

Decided June 28, 2010.

Shea Belcher, *pro se*.
Gwendolyn Keyes Fleming, *District Attorney, Leonora Grant, Deborah D. Wellborn, Assistant District Attorneys*, for appellee.