# Court of Appeals
# of the State of Georgia

ATLANTA,   September 15, 2015

*The Court of Appeals hereby passes the following order:*

**A16A0052. SHEA BELCHER v. THE STATE.**

In 2006, Shea Belcher pled guilty to armed robbery and simple kidnapping, and his plea was affirmed on appeal. See *Belcher v. State*, 304 Ga. App. 645 (697 SE2d 300) (2010). Since then, Belcher has attempted to challenge the validity of his sentence through a variety of methods, including a motion in arrest of judgment and a motion to set aside an allegedly void sentence.[1] In this latest incarnation, Belcher filed a motion to modify his sentence, arguing that it was void. We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. See *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118, 118 (676 SE2d 465) (2009). Once this statutory period expires, a trial court may modify a sentence only if it is void. See *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

A direct appeal may lie from an order denying a motion to correct a void sentence, but only if the defendant raises a colorable claim that the sentence is, in fact, void or illegal. See *Harper*, supra at n.1; *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). "Motions to vacate a void sentence generally are limited to claims that – even assuming the existence and validity of the conviction for which the sentence was imposed – the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides." *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Thus,

---

[1] See Case Numbers A11A2138, A13A2039 and A13A2117.

when a sentence is within the statutory range of punishment, it is not void. *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).

Belcher does not argue that his sentence fell outside the permissible statutory range; rather, he contends that his indictment was flawed. But a challenge to an indictment does not constitute a valid void sentence claim. See *Gholston v. State*, 327 Ga. App. 790, 791 (761 SE2d 189) (2014). As Belcher has not raised a valid void sentence claim, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 09/15/2015
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*