**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 3, 2016**

# In the Court of Appeals of Georgia

A16A1380. REID v. THE STATE.

MILLER, Presiding Judge.

Charleston Reid pled guilty on August 19, 2014, to possession with intent to distribute cocaine (OCGA § 16-13-30 (b)), two counts of aggravated assault on a peace officer (OCGA § 16-5-21 (d)), two felony counts of obstruction of a peace officer (OCGA § 16-10-24 (b)), and two misdemeanor counts of obstruction of a peace officer (OCGA § 16-10-24 (a)).[1] Reid filed a pro se motion for an out-of-time appeal, alleging that his guilty plea was not knowing and voluntary and that some of his convictions should have merged. The trial court summarily denied Reid's motion in a one-sentence order without an evidentiary hearing, and he appeals pro se from

---

[1] Georgia's aggravated assault and obstruction statutes have been amended since Reid's guilty plea in ways which are not relevant to this appeal.

that ruling. For the reasons that follow, we affirm in part, vacate in part, and remand this case for an evidentiary hearing.

Although the record does not contain many details concerning the incident that led to Reid's arrest, the record does show that he was indicted for one count of trafficking in cocaine, one count of aggravated assault against a peace officer for assaulting Officer Brock with debris (later identified as a tree limb), one count of aggravated assault for assaulting Officer Brock with his hands, one felony count of obstruction of a peace officer for offering and doing violence to Officer Brock with his fists, one felony count of obstruction of a peace officer for pushing Officer Duncan, one count of misdemeanor obstruction of a peace officer for failing to obey the lawful commands of Officer Duncan, and one count of misdemeanor obstruction of a peace officer for running from Officer Brock. Reid pled guilty to all counts of the indictment, with the exception of his drug charge, to which he pled to the lesser offense of possession with intent to distribute. Reid did not file a timely direct appeal. Instead, he filed a pro se motion for out-of-time appeal, which the trial court denied.

1. Through several enumerations of error, which we consider collectively, Reid argues that the trial court erred in denying his motion for out-of-time appeal because the record demonstrates that his plea was not knowing and voluntary. We disagree.

2

A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel [regarding failure to pursue a direct appeal] are not reached unless the requirement that the appeal [can] be resolved by reference to facts on the record is met.

(Citation omitted.) *Stephens v. State*, 291 Ga. 837, 838 (2) (733 SE2d 266) (2012); see also *Moore v. State*, 285 Ga. 855, 856 (684 SE2d 605) (2009) ("When a defendant pleads guilty and then seeks an out-of-time appeal from that plea, he must make the threshold showing that he would have been entitled to file a timely direct appeal from the plea because the issues he is raising can be decided from facts appearing in the record.") (citation omitted.)

A defendant is required to prove both that his counsel was constitutionally deficient and that he was prejudiced by the deficiency, meaning in this context, that the appeal would have been successful if taken. *Stephens*, supra, 291 Ga. at 838-839 (citing *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LEd2d 674) (1984).

3

Thus, if the claims that the defendant wants to raise in the out-of-time appeal can be resolved against him on the face of the record, so that even a timely appeal would have been unsuccessful, then plea counsel's failure to advise the defendant to file such an appeal was not professionally deficient, nor did any prejudice result.

(Citation and punctuation omitted.) Id.

In attempting to make his threshold showing that his plea was not knowing and voluntary, Reid contends that he was not advised of the constitutional rights he would waive in entering his plea, he was not advised of the nature of the charges to which he was pleading guilty, he was not informed of the maximum and minimum sentences available for the crimes to which he was pleading guilty, there was not a factual basis established on the record for the trial court to accept his guilty plea, and he was not informed of his rights to appeal or withdraw his guilty plea.[2]

The trial court meets its obligation in accepting a guilty plea when it shows on the record that the defendant was informed of and understood the charges to which

---

[2] Reid also enumerates as error that the trial court impermissibly participated in the plea negotiations. He did not raise this as error before the trial court, consequently, we will not consider it for the first time on appeal. See e.g. *Hunter v. State*, 273 Ga. App. 52, 54 (2) (614 SE2d 179) (2005).

he was pleading guilty, as well as the constitutional rights he was waiving, and that with such understanding, the defendant voluntarily pled guilty in the absence of promises or threats. *Clark v. State*, 299 Ga. App. 558, 560 (5) (683 SE2d 93) (2009); see also Uniform Superior Court Rule 33. In reviewing the validity of a guilty plea, this Court looks to the record as a whole to determine if the record shows that the plea was knowing and voluntary. *Belcher v. State*, 304 Ga. App. 645, 647 (1) (b) (i) (697 SE2d 300) (2010). Moreover, "a defendant's otherwise voluntary guilty plea is not invalidated merely because the range of punishment on the plea was never recited to him, when he makes no claim that he was disadvantaged by the omission or even that he was in fact unaware of the possible sentence which could be imposed." (Citation omitted.) Id. at 648 (1) (b) (i). Further, we presume a defendant who is represented by counsel has received sufficiently detailed explanation from his counsel of the nature of the crimes to which he is pleading guilty to give the defendant notice of what he is being asked to admit. *Clark*, supra, 299 Ga. App. at 560.

Here, even with the limited record before us, we conclude that Reid's plea was knowing and voluntary. During the plea hearing, the trial court informed Reid of his right to a trial by jury, his presumption of innocence, his right to confront his accusers, his right to counsel, and his right to remain silent. Reid stated that he

5

understood the rights he was waiving, and despite his initial equivocation, Reid ultimately informed the trial court that he was guilty of the crimes that he was charged with based on the crimes read by the judge from his sentencing sheet. Moreover, both Reid and his trial counsel stated that counsel spoke to Reid about the State's sentencing recommendation, which they both admitted was the same sentence announced in court. Taken as a whole, Reid cannot establish from this record that his plea was not knowing and voluntary, and consequently, a direct appeal would not have been successful. *Belcher*, supra, 304 Ga. App. at 647 (1) (b) (i); *Clark*, supra, 299 Ga. App. at 560. Accordingly, Reid is not entitled to an out-of-time appeal on this ground and we need not address issues concerning trial counsel's alleged ineffective assistance in this regard. *Stephens*, supra, 291 Ga. at 839 (1).

2. Although not separately enumerated as error,[3] Reid argues that some of his convictions should have merged. We agree that, based on the record before us, several of Reid's sentences are void.

> In his pro se brief, Reid complains that he was
>
> convicted on multiple offenses which were the result of the same facts
> used to establish several of the crimes for which he was convicted and

---

[3] See OCGA §§ 5-6-30, 5-6-48 (f).

thus some of his convictions are void, illegal, and unconstitutional in violation of both due process of law and double jeopardy as well as contrary to OCGA § 16-1-7.

"A conviction that merges with another conviction is void . . . and a sentence imposed on such a void conviction is illegal and will be vacated if noticed by this Court, even if no merger claim was raised in the trial court and even if the defendant does not enumerate the error on appeal." *Nazario v. State*, 293 Ga. 480, 485 (2) (b) (746 SE2d 109) (2013). Indeed, "to disregard [the merger issue] and allow the defendant to serve a sentence for a criminal conviction that has been identified as illegal and void would not comport with fundamental fairness and due process of law." Id. at 487 (c). Therefore, contrary to the State's argument that Reid's guilty plea waives any error here, merger claims are not waived by the entry of a guilty plea, and appellate courts have an obligation to correct such errors. Id. at 485-486 (2) (b).

Nevertheless, as with any other challenge raised in a motion for an out of time appeal, the merits of an alleged merger issue must be established on the face of the record. See id. at 488 (d).

> While an accused may be prosecuted for more than one crime arising out of the same criminal conduct, he may not be convicted of more than one

7

crime arising out of the same criminal conduct where one crime is included in the other. OCGA § 16-1-7 (a) (1). A crime is included in the other when: (1) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged; or (2) It differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission. OCGA § 16-1-6. With respect to subsection (1), the 'required evidence test' is utilized to determine whether multiple convictions are precluded because one of the crimes was established by proof of the same or less than all the facts that were required to establish the other crime.

(Citations, punctuation, and emphasis omitted.) *Regent v. State*, 299 Ga. 172, 175 (787 SE2d 217) (2016).

Here, Reid was charged with two counts of aggravated assault on a peace officer, two counts of felony obstruction of a peace officer, and two counts of misdemeanor obstruction of a peace officer. We address the merger issues with respect to each of these convictions in turn.

*(a) Aggravated assault on a peace officer and felony obstruction of a peace officer*.

8

Reid was indicted for and convicted of aggravated assault on a peace officer (OCGA § 16-5-21 (d)) for

> unlawfully mak[ing] an assault upon the person of [Officer] Brock, knowing said [Officer] Brock was a peace officer engaged in the performance of his official duties, said assault being with an object, to wit: hands, which when used offensively against a person, is likely to or actually does result in serious bodily injury . . .

Reid was also indicted for and convicted of felony obstruction of a peace officer (OCGA § 16-10-24 (b)) for

> unlawfully, knowingly, and willfully obstruct[ing] [Officer] Brock, a law enforcement officer in the lawful discharge of his official duties by offering and doing violence to said officer by trying to strike said officer with his fist . . . .

The record clearly shows that the crime of obstruction was established by proof of the same or less than all the facts required to establish the crime of aggravated assault on a peace officer. See *Taylor v. State*, 327 Ga. App. 882, 888 (5) (a) (761 SE2d 426) (2014) (obstruction of a peace officer was established by proof of the same or less than all the facts required to prove aggravated assault on a peace officer and therefore the two offenses merged); compare *Gordon v. State*, 337 Ga. App. 64, 69

9

(2) (785 SE2d 900) (2016) (conviction for aggravated assault did not require proof that assault was "upon a peace officer while the peace officer is engaged in, or on account of the performance of, his or her official duties," therefore it did not merge with obstruction of a peace officer conviction). Consequently, Reid's convictions for aggravated assault on a peace officer and felony obstruction of a peace officer as to Officer Brock should have merged.

*(b) Felony obstruction and misdemeanor obstruction.*

Misdemeanor obstruction is a lesser included offense of felony obstruction, and therefore, Reid's convictions for felony and misdemeanor obstruction also could have merged. OCGA § 16-10-24 (a) and (b); *Chynoweth v. State*, 331 Ga. App. 123, 129 (4) (768 SE2d 536) (2015); *McCoy v. State*, 285 Ga. App. 246, 249 (3) (645 SE2d 728) (2007) ("If a jury finds a defendant guilty of both the charged offense and the lesser included offense, the lesser offense merges into the greater offense and the court sentences on the greater offense only.") (citation and punctuation omitted). Given the scant record before this Court concerning the confrontation between Reid and Officer Duncan, we cannot conclude that Reid's felony and misdemeanor obstruction charges should have merged. Nevertheless, in light of our conclusion that Reid opened the door to an out-of-time appeal on the merger of the other charges, we

10

need not address that issue at this time. Rather, this is an issue for the trial court to address on remand.

*(c) Ineffective Assistance of Counsel*

Our conclusions that Reid's merger claims are meritorious does not end the inquiry. To be entitled to an out-of-time appeal, Reid still must show that counsel was constitutionally defective for failing to advise Reid of the right to appeal or failing to file the appeal on Reid's behalf. See e.g., *Stephens*, supra, 291 Ga. at 839 (2) (if defendant makes an insufficient showing as to either the merits of his appeal or the ineffective assistance of counsel, he is not entitled to an out-of-time appeal).

Where, as here, the underlying merger claim has merit, the trial court must determine whether trial counsel's deficient performance was the cause of the failure to file a timely direct appeal. Id. at 839 (2). Thus, the trial court *must* hold an evidentiary hearing on this issue.[4] Id.

---

[4] We recognize that this Court has rejected the need for an evidentiary hearing in two cases: *Dowling v. State*, 294 Ga. App. 413, 414 (669 SE2d 198) (2008); and *Davis v. State*, 286 Ga. App. 80, 82 (2) (648 SE2d 670) (2007). The statements about evidentiary hearings in those cases are arguably dicta. Moreover, we find those cases distinguishable because neither case held that the defendant's underlying claim on appeal was meritorious.

11

The trial court in this case summarily dismissed Reid's motion without conducting a hearing. Having concluded that Reid's merger claim would entitle him to relief, we find that the trial court's failure to conduct a hearing is error. See *Stephens*, supra, 291 Ga. at 839 (2). We therefore vacate the trial court's order in part and remand this case with instructions for the trial court to hold an evidentiary hearing on trial counsel's performance.

In sum, we affirm the trial court's order to the extent it denied Reid's motion for out-of-time appeal with respect to his claim that his plea was involuntary. We vacate the trial court's order with respect to the merger issue and we remand this case with instruction that for the trial court to consider whether trial counsel was constitutionally ineffective for failing to advise Reid of his right to appeal his void sentence.

*Judgment affirmed in part, vacated in part, and remanded with instruction. McFadden, J. concurs. McMillian, J. concurs in judgment only*.