**SECOND DIVISION**
**MILLER, P. J.,**
**MCFADDEN, P. J., and MCMILLIAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 5, 2018**

# In the Court of Appeals of Georgia

A17A1707. REID v. THE STATE.

MILLER, Presiding Judge.

This is the second appearance of this pro se out-of-time appeal before this Court. In *Reid v. State*, 339 Ga. App. 772, 778 (792 SE2d 732) (2016) (physical precedent only), reconsideration denied (Dec. 7, 2016), cert. denied (June 5, 2017) ("*Reid I*"), this Court held that Reid's attempt to withdraw his guilty plea could not serve as a basis for an out-of-time appeal as it lacked merit, but that given the validity of his merger claim, an evidentiary hearing was necessary to determine if ineffective assistance of counsel caused his failure to timely appeal. On remand, the trial court held an evidentiary hearing on the issue of the merger of two of Reid's convictions, as well as Reid's claim of ineffective assistance of counsel. Reid moved for appointment of counsel and to withdraw his guilty plea. The trial court implicitly

denied Reid's motion to appoint counsel, denied Reid's motion to withdraw his guilty plea , found that the felony and misdemeanor obstruction convictions did not merge , and denied Reid's motion for out-of-time appeal upon deciding that Reid had not established ineffective assistance of counsel. This appeal followed, and for the following reasons, we affirm the trial court's refusal to appoint counsel, as well as the denial of Reid's motion to withdraw guilty plea, reverse the trial court's finding that Reid is not entitled to an out-of-time appeal, and vacate its ruling as to merger.

As we stated in *Reid I*,

> A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record. The ability to decide the appeal based on the existing record thus becomes the deciding factor in determining the availability of an out-of-time appeal when the defendant has pled guilty. Issues regarding the effectiveness of counsel [regarding failure to pursue a direct appeal] are not reached unless the requirement that the appeal [can] be resolved by reference to facts on the record is met.

(Citation omitted.) *Reid I*, supra, 339 Ga. App. at 773 (1).

So viewed, and as more fully explained in *Reid I*, Reid pled guilty on August 19, 2014, to possession with intent to distribute cocaine, two counts of aggravated assault on a peace officer, two felony counts of obstruction of a peace officer, and two

misdemeanor counts of obstruction of a peace officer. *Reid I*, supra, 339 Ga. App. at 732. Reid sought an out-of-time appeal, arguing that he should be allowed to withdraw his guilty plea and that some of his convictions should have merged. Id. This Court held that the record demonstrated that Reid's guilty plea was knowing and voluntary, thus, it could not serve as the basis for an out-of-time appeal. Id. at 774-775 (1). We also held, however, that at least two of Reid's convictions should have merged, and two others possibly should have merged. Id. at 776-777 (2) (a) – (b). For this reason, we found that a direct appeal of Reid's conviction would have had merit and, accordingly, the trial court was required to hold an evidentiary hearing as to whether ineffective assistance of counsel was the reason Reid's conviction was not timely appealed. Id. at 778 (2) (c).

On remand, after Reid filed a motion for appointment of counsel and another motion to withdraw guilty plea, the trial court held an evidentiary hearing. At the hearing, the trial court heard testimony from Reid and the two officers involved in the altercation that served as the basis for Reid's convictions. Although most of Reid's testimony concerning the ineffectiveness of his trial counsel related to counsel's alleged lack of preparation and his advice that Reid accept the State's plea offer, Reid also testified as follows: "[I]f I had've know *(sic)* that I could appeal this, you know,

3

I would. I would have, you know, before the time ran out. But I didn't even know anything until I got to prison and started trying to learn . . ." The State attempted to subpoena Reid's trial counsel to testify at the hearing, but determined that he had retired and moved to Alaska. The State suggested, however, that the issue of ineffective assistance of counsel could be decided without its witness. Therefore, the trial court proceeded without the testimony of trial counsel with the understanding that if the trial court believed trial counsel's testimony was necessary, it would continue the hearing so his testimony could be secured.

Ultimately, the trial court implicitly denied Reid's motion for Reid counsel; denied his motion to withdraw his guilty plea; found that the convictions for felony and misdemeanor obstruction did not merge; and denied Reid's motion for an out-of-time appeal upon finding Reid was not prejudiced by any alleged ineffective assistance of counsel. Reid appeals.

1. Reid contends that the trial court erred in failing to appoint him counsel on remand. We disagree.

> An indigent defendant is entitled to representation by counsel only for trial and for the direct appeal from the judgment of conviction and sentence. . . [B]ecause a motion for an out-of-time appeal cannot be

4

construed as part of a criminal defendant's first appeal of right, [Reid] was not entitled to the assistance of appointed counsel.

(Citations and punctuation omitted.) *Pierce v. State*, 289 Ga. 893, 894 (1) (717 SE2d 202) (2011). Here, Reid did not timely move to withdraw his guilty plea or timely appeal his conviction. Thus, Reid was not entitled to appointed counsel on remand. See id.

2. Reid also alleges the trial court erred in failing to vacate the sentences that this Court found should have merged. We disagree.

In *Reid I*, this Court held that two of Reid's convictions, for aggravated assault on Officer Brock and felony obstruction of Officer Brock, should have merged. *Reid I*, 339 Ga. App. at 777 (2) (a). However, in *Reid I* this Court did not instruct the trial court to vacate any of the convictions. Rather, the holding that the aggravated assault and felony obstruction convictions should have merged was made in the context of establishing that Reid alleged a meritorious appellate issue, which could open the door to consideration of whether Reid's failure to timely appeal was due to ineffective assistance of counsel. Id. On remand, therefore, the trial court was instructed to hold a hearing to determine if the ineffectiveness of Reid's trial counsel frustrated his right to a direct appeal, not to alter the underlying judgment of conviction. In light of this

5

procedural posture, it would have been premature for the trial court to vacate any of Reid's convictions on remand following *Reid I*.

3. Reid contends the trial court erred in failing to hold a hearing on his motion to withdraw guilty plea. We again disagree.

In *Reid I*, this Court held that Reid's plea was knowing and voluntary and that, consequently, a direct appeal on that ground would not be successful and could not serve as a basis for an out-of-time appeal. *Reid I*, supra, 339 Ga. App. at 774-775 (1).

Accordingly, both Reid and the trial court are bound by our prior decision in this case. OCGA § 9-11-60 (h) ("any ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court."). Given that Reid would not have been entitled to withdraw his guilty plea, the trial court properly declined to hold a hearing on his motion.

4. In two related enumerations, Reid contends that the trial court erred in finding that he was not entitled to an out-of-time appeal because he had not established ineffective assistance of counsel. We agree.

> Out-of-time appeals are designed to address the constitutional concerns that arise when a criminal defendant is denied his first appeal of right because the counsel to which he was constitutionally entitled to assist him in that appeal was professionally deficient in not advising him to

6

file a timely appeal and that deficiency caused prejudice. Thus, an out-of-time appeal is appropriate when a direct appeal was not taken due to ineffective assistance of counsel. However, for an out-of-time appeal to be available on the grounds of ineffective assistance of counsel, the defendant must necessarily have had the right to file a direct appeal. A direct appeal from a judgment of conviction and sentence entered on a guilty plea is only available if the issue on appeal can be resolved by reference to facts on the record . . . Accordingly, the analysis of a motion for out-of-time appeal proceeds in several steps. First, if the issues that a defendant who pled guilty seeks to appeal cannot be resolved using the existing record, he would have had no right to file even a timely appeal and therefore is also not entitled to an out-of-time appeal . . . On the other hand, if a defendant raises an issue in a motion for out-of-time appeal that can be determined on the existing record, issues regarding the effectiveness of counsel are reached and the defendant must show that his counsel was ineffective in not filing a timely appeal. Under the familiar *Strickland* standard, this requires the defendant to prove both that his trial counsel provided deficient performance and that, but for that unprofessional performance, there is a reasonable probability that the outcome of the proceeding would have been different, which means in this context that the appeal would have been successful.

(Citations, punctuation, and footnote omitted.) *Stephens v. State*, 291 Ga. 837, 837-839 (1) (733 SE2d 266) (2012).

Here, we already decided in *Reid I* that Reid raised a meritorious merger issue, which would have been successful on appeal if it had been timely raised. *Reid I*, supra, 339 Ga. App. at 776 (2) (a).[1] Thus, we already determined that Reid established the prejudice prong of the analysis, and we instructed the trial court on remand to move to the next phase of the analysis to determine if the failure to timely appeal was attributable to ineffective assistance of Reid's trial counsel. Id. at 777-778 (2) (c).

Here, the trial court followed our instruction to hold an evidentiary hearing on the issue of ineffectiveness, but it made no factual findings on this issue. Due to trial counsel's absence from the hearing, however, the only evidence presented on whether trial counsel was ineffective was Reid's unrebutted testimony that he was never informed of his right to appeal. Accordingly, on this record, Reid previously established that a timely appeal would have been successful, and on remand from *Reid I* the undisputed evidence established that Reid's trial counsel was deficient for

---

[1] For the reasons more fully discussed in *Reid I*, Reid alleged a valid merger claim. *Reid I*, supra, 339 Ga. App. at 776 (2) (a). This was the law of the case, and the trial court was not authorized to find that Reid had not been prejudiced by the failure to timely appeal. See OCGA § 9-11-60 (h). Regardless, to the extent the trial court found no reversible error because the convictions had concurrent sentences, such is not the law in Georgia. See *Nazario v. State*, 293 Ga. 480, 428-483 (1) (746 SE2d 109) (2013) (merger of convictions required even though all sentences ran concurrent to a life sentence).

8

not informing him of his appellate rights. See *Morris v. State*, 338 Ga. App. 599, 601 (1) (the right to effective assistance of counsel includes the right to be adequately informed of appellate rights). Consequently, the trial court erred in denying Reid's motion for out-of-time appeal.[2]

5. Reid alleges that the trial court erred in concluding that the sentences for felony and misdemeanor obstruction did not merge. This portion of the trial court's order is vacated.

> In *Reid I*, this Court found that

> The trial court in this case summarily dismissed Reid's motion without conducting a hearing. Having concluded that Reid's merger claim would entitle him to relief, we find that the trial court's failure to conduct a hearing is error. We therefore vacate the trial court's order in part and remand this case with direction for the trial court to hold an evidentiary hearing on trial counsel's performance.

(Citation omitted.) *Reid I*, supra, 339 Ga. App. at 778 (2) (c).

---

[2] Although the trial court seemed to recognize that the relevant inquiry was whether trial counsel's deficiency prevented Reid from filing a timely appeal, it nonetheless also analyzed whether trial counsel was ineffective in his representation of Reid prior to entry of the guilty plea. In light of our finding in *Reid I* that Reid was not entitled to withdraw his guilty plea, this analysis was beyond the scope of the trial court's instruction on remand and was, thus, surplusage which is irrelevant to our review on appeal.

The scope of the trial court's inquiry on remand was, consequently, limited to determining whether the failure to timely appeal Reid's void conviction was attributable to Reid or to his counsel. Despite the limited scope of issues to be addressed following *Reid I*, the trial court nonetheless addressed the merits of Reid's remaining merger claims. To the extent the trial court's findings of fact and conclusions of law concerning these remaining merger claims are not implicitly vacated by our holding in Division 4, see *Holton v. Lankford*, 189 Ga. 506, 512 (1) (6 SE2d 304) (1939), we hereby expressly vacate such findings as premature and beyond the scope of our instruction on remand.[3]

We are mindful that Reid has experienced undue delay given that it has taken multiple trips to this Court to obtain his right to an out-of-time appeal due to the improper disposition of this case by the trial court both initially and on remand, but we expect that this case can expeditiously proceed upon remittitur. In summary, we affirm the trial court's refusal to appoint counsel on remand following *Reid I* and its denial of Reid's motion to withdraw his guilty plea and we vacate the portion of the trial court's order refusing to merge the felony and misdemeanor obstruction

---

[3] We express no opinion on the legal conclusions made by the trial court on this issue.

convictions. Further, we reverse the trial court's denial of Reid's motion for out-of-time appeal and remand the case for further proceedings consistent with this opinion.

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded. McFadden, P. J., and McMillian, J., concur fully in Divisions 1, 2, 3, and 4 and concur specially in Division 5.**

**\*DIVISION 5 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

A17A1707. REID v. THE STATE.

MCFADDEN, Presiding Judge, concurring fully in part and specially in part.

I fully concur in Divisions 1, 2, 3, and 4 of the majority opinion. I concur specially in Division 5, because I do not agree with all that is said in that division.

Division 5 concerns the trial court's conclusion that Reid's convictions for felony and misdemeanor obstruction did not merge for sentencing purposes. The trial court reached this conclusion as a part of her resolution of the larger out-of-time appeal question. Our reversal of the trial court's resolution of the out-of-time appeal question in Division 4 has the effect of vacating the trial court's ruling on the issue addressed in Division 5. See *Holton v. Lankford*, 189 Ga. 506, 512 (1) (6 SE2d 304)

(1939) (judgment of reversal from appellate court, without more, operates to vacate the orders and decree as stated therein). So we need not address the question of whether the trial court's findings regarding the merger of Reid's convictions for felony and misdemeanor obstruction were premature.