**FIFTH DIVISION**
**MCFADDEN, C. J.,**
**MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** ***physically received*** **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 18, 2019**

# In the Court of Appeals of Georgia

A19A1644. REID v. THE STATE.

PHIPPS, Senior Appellate Judge.

This is the third appearance of this pro se criminal matter before this Court. In *Reid v. State*, 339 Ga. App. 772 (792 SE2d 732) (2016) (physical precedent only, cert. denied, June 5, 2017) ("*Reid I*"), recently overruled in *Collier v. State*, — Ga. — (— SE2d —), *9 (Case No. S19A0658, decided October 21, 2019),[1] this Court affirmed the denial of Charleston Reid's motion to withdraw his guilty plea, but also remanded

---

[1] *Collier* holds that in order to obtain an out-of-time appeal after either trial or a guilty plea, a defendant "need only show that the procedural deficiency in not filing a timely appeal was due to counsel's failure to perform his duties, and he does not need to demonstrate that his hypothetical appeal might have had merit." (Emphasis and punctuation omitted.) Id. at *9; see also *White v. State*, 277 Ga. 647, 648 (594 SE2d 329) (2004), and *Roe v. Flores-Ortega*, 528 U.S. 470, 486 (II) (B) (3) (120 SCt 1029, 145 LE2d 985) (2000). Given that Reid has obtained this out-of-time appeal, the question whether he was previously and erroneously denied one is moot.

the case for a hearing on trial counsel's ineffectiveness because some of the counts on which Reid was convicted "should" or "could" have merged. *Reid I*, 339 Ga. App. at 775 (1), 776-778 (2) (a), (b), (c). On remand from *Reid I*, the trial court denied Reid's motions for appointment of appellate counsel, to withdraw his plea, to merge his obstruction convictions, and for an out-of-time appeal. See *Reid v. State*, 344 Ga. App. 895, 897 (812 SE2d 89) (2018) ("*Reid II*"). In *Reid II*, this Court again affirmed the denial of Reid's motion to withdraw his plea and the refusal to appoint counsel, but we reversed the trial court's ruling that he was not entitled to an out-of-time appeal, and we vacated its merger ruling. Id. at 898-899 (4), 899-900 (5) (physical precedent only as to Division 5). On remand from *Reid II*, the trial court granted Reid an out-of-time appeal and denied his motion to withdraw his plea on the ground that the issue was settled by *Reid I*.

On this out-of-time third appeal, Reid again asserts that his plea was not valid and that the trial court erred in not appointing him counsel. Reid also argues that the trial court erred in failing to merge his convictions for felony obstruction, misdemeanor obstruction and aggravated assault against one police officer and for felony obstruction and misdemeanor obstruction against a second officer. We now implement our earlier holding that the felony obstruction and aggravated assault

2

convictions merge as a matter of law, and we therefore vacate his conviction and remand for resentencing.

We set out the relevant facts in *Reid II* as follows:

Reid pled guilty on August 19, 2014, to possession with intent to distribute cocaine, two counts of aggravated assault on a peace officer, two felony counts of obstruction of a peace officer, and two misdemeanor counts of obstruction of a peace officer. Reid sought an out-of-time appeal, arguing that he should be allowed to withdraw his guilty plea and that some of his convictions should have merged. [In *Reid I,*] [t]his Court held that the record demonstrated that Reid's guilty plea was knowing and voluntary [and thus] could not serve as the basis for an out-of-time appeal. We also held, however, that at least two of Reid's convictions should have merged, and two others possibly should have merged. For this reason, we found that a direct appeal of Reid's conviction would have had merit and, accordingly, the trial court was required to hold an evidentiary hearing as to whether ineffective assistance of counsel was the reason Reid's conviction was not timely appealed.

On remand [from *Reid I*], after Reid filed a motion for appointment of counsel and another motion to withdraw guilty plea, the trial court held an evidentiary hearing. At the hearing, the trial court heard testimony from Reid and the two officers involved in the altercation that served as the basis for Reid's convictions. Although most of Reid's testimony concerning the ineffectiveness of his trial counsel related to counsel's

3

alleged lack of preparation and his advice that Reid accept the State's plea offer, Reid also testified as follows: "I[f] I had've know [sic] that I could appeal this, you know, I would. I would have, you know, before the time ran out. But I didn't even know anything until I got to prison and started trying to learn. . . ." The State attempted to subpoena Reid's trial counsel to testify at the hearing, but determined that he had retired and moved to Alaska. The State suggested, however, that the issue of ineffective assistance of counsel could be decided without its witness. Therefore, the trial court proceeded without the testimony of trial counsel with the understanding that if the trial court believed trial counsel's testimony was necessary, it would continue the hearing so his testimony could be secured.

Ultimately, the trial court implicitly denied Reid's motion for appointment of counsel; denied his motion to withdraw his guilty plea; found that the convictions for felony and misdemeanor obstruction did not merge; and denied Reid's motion for an out-of-time appeal upon finding Reid was not prejudiced by any alleged ineffective assistance of counsel.

(Citations and punctuation omitted.) *Reid II*, 344 Ga. App. at 896-897.

Our decision in *Reid II* contained five divisions. In Division 1, we held that because "Reid did not timely move to withdraw his guilty plea or timely appeal his conviction," he "was not entitled to appointed counsel on remand." 344 Ga. App. at 897 (1). In Division 2, we rejected Reid's argument that the trial court should have

4

vacated his sentences, noting that "it would have been premature for the trial court to vacate any of Reid's convictions on remand following *Reid I*" before a hearing had been held to determine whether the ineffectiveness of Reid's trial counsel "frustrated his right to a direct appeal," and instructing the trial court to hold such a hearing. Id. at 897 (2). In Division 3, we rejected Reid's argument that the trial court erred in not holding a hearing on his motion to withdraw as controlled adversely to him by *Reid I.* Id. at 898 (3), citing *Reid I*, 339 Ga. App. at 774-775 (1). In Division 4, we accepted Reid's argument that he was entitled to an out-of-time appeal, noting that Reid had already established "the prejudice prong of [his ineffectiveness] analysis" and that his "undisputed evidence established that [his] trial counsel was deficient for not informing him of his appellate rights." (Citations omitted.) 344 Ga. App. at 899 (4). In Division 5, as to which two judges concurred specially, we noted that our reversal of the denial of Reid's motion for an out-of-time appeal effectively vacated the trial court's rulings on merger. Id. at 900 (5) (Miller, P. J.), 901 (McFadden, P. J., and McMillian, J., concurring specially). Reid did not seek a writ of certiorari from the Supreme Court of Georgia as to *Reid II*.

On remand from *Reid II*, the trial court granted Reid's motion for an out-of-time appeal and again denied Reid's motion to withdraw his guilty plea as settled by *Reid I* and *Reid II*. This out-of-time appeal followed.

1. Reid's arguments that his plea was not valid and that he was entitled to counsel on appeal have been resolved against him and present nothing further for review. *Reid II*, 344 Ga. App. at 898 (3), citing *Reid I*, 339 Ga. App. at 774-775 (1) (affirming the denial of Reid's motion to withdraw his plea); *Reid II*, 344 Ga. App. at 897 (1) (concluding that Reid was "not entitled to appointed counsel on remand"); see also OCGA § 9-11-60 (h) ("any ruling by the Supreme Court [of Georgia] or the Court of Appeals in a case shall be binding on all subsequent proceedings in that case in the lower court").

2. Reid also argues that his convictions for aggravated assault, felony obstruction, and misdemeanor obstruction on one officer and for felony obstruction and misdemeanor obstruction on a second officer should merge. We agree in part.

As a preliminary matter, we note that "[w]hile a defendant does not waive consideration of merger issues by pleading guilty, his guilty plea does waive the expansion of the factual record that occurs with a trial." *Nazario v. State*, 293 Ga.

6

480, 488 (2) (d) (746 SE2d 109) (2013). We therefore proceed on the factual record as it was laid out at the plea hearing, as follows:

> [Prosecutor:] In Count 2, the charge is aggravated assault. Specifically, that, on the 25th of May of 2013, [Reid] unlawfully assaulted one Justin Brock knowing that Justin Brock was a peace officer engaged in the performance of his official duties, the assault being with debris which, used offensively against a person, is likely to or actually does result in serious bodily injury. That was a tree limb.
>
> Count 3 is aggravated assault on a police officer, same victim, same date, same time, same place, and, in that case, using hands . . . on the neck of Deputy Brock.
>
> Count 4 is obstruction of an officer felony grade, that being obstructing Justin Brock again by trying to strike him with his fist – didn't actually do it, but tried to.
>
> Count 5, obstruction of an officer, that being knowingly and wilfully obstructing Jeffery Duncan, Sr., a law enforcement officer in the lawful discharge of his official duties by offering and doing violence by pushing him. . . .
>
> And Count 6 is obstruction of an officer . . . failing to obey the lawful commands of [Officer] Duncan. . . .

I didn't get to [Count] 7, but I will state it now. The deputy there was Justin Brock and [the act] was running from Deputy Brock.

The State and the trial court agreed that, as the indictment also stated, Count 5 was "a felony" and Counts 6 and 7 "are both misdemeanor obstructions." Reid did not object to this determination.

(a) *Aggravated Assault on and Felony Obstruction of Officer Brock (Counts 3 and 4)*. In *Reid I*, we held that Reid's convictions for aggravated assault on and felony obstruction of Officer Brock, both of which concerned the use of Reid's hands or fist, "should have merged." 339 Ga. App. 777 (2) (a). In *Reid II*, we noted this holding and concluded that in light of the trial court's denial of Reid's motion for an out-of-time appeal, "it would have been premature for the trial court to vacate any of Reid's convictions on remand following *Reid I*." 344 Ga. App. at 897 (2). Given that Reid has now obtained his out-of-time appeal, the time is ripe for the trial court to implement our holding in *Reid I*. We therefore vacate Reid's conviction and remand the case to the trial court with the direction that it merge Counts 3 and 4 and for resentencing in accordance with this opinion.[2]

---

[2] The fact that Counts 3 and 4 were set to run concurrently has no effect on this result. See *Nazario*, 293 Ga. at 482-483 (1) (noting that sentences ran concurrently for all counts, some of which the court later vacated); *Reid II*, 344 Ga. App. at 899

(b) *Felony Obstruction and Misdemeanor Obstruction of Officer Brock (Counts 4 and 7)*. The facts underlying the pleas to Count 4 and Count 7 are different in that Count 4 concerns Reid's obstruction of Officer Brock by "trying to strike [Brock] with his fist," whereas Count 7 concerns running away from Brock. Because these counts arose from Reid's commission of "two distinctly different acts," they do not merge. *Mobley v. State*, 345 Ga. App. 393, 394 (812 SE2d 796) (2018) (because the evidence of shooting at two different officers from two different vantage points "showed that each charge of obstruction was separate and distinct with independently supporting facts, there was no merger" of them) (citation and punctuation omitted).

(c) *Felony Obstruction and Misdemeanor Obstruction of Officer Duncan (Counts 5 and 6)*. Likewise, the facts giving rise to Counts 5 and 6 are different in that Count 5 concerns Reid's pushing of Officer Duncan while Count 6 concerns refusing to obey his commands. These counts do not merge because they too are "separate and distinct with independently supporting facts." (Citation and punctuation omitted.) *Mobley*, 345 Ga. App. at 394.

*Judgment vacated and case remanded for resentencing. McFadden, C. J., and McMillian, P. J., concur*.

---

(4), n. 1.